[Civ. No. 41004. First Dist., Div. Two. Jan. 19, 1979.]

KENNETH R. ANKENY, Plaintiff and Appellant, v.
LOCKHEED MISSILES AND SPACE COMPANY, Defendant and
Respondent.

COUNSEL

Bernard & Pinatelli, John R. Bernard and Stokes, Clayton & McKenzie for Plaintiff and Appellant.

James J. Duryea and Loraine A. Wallace for Defendant and Respondent.

OPINION

ROUSE, J.— The main question posed by this appeal concerns the exclusive remedy provisions of the Workers' Compensation Act (Lab. Code, § 3200 et seq.): specifically, should these provisions bar an employee's civil action against his employer and fellow employees for intentional infliction of emotional distress where physical illness and disability accompany the emotional distress? We hold that they do.

Plaintiff, Kenneth R. Ankeny, was employed by defendant Lockheed Missiles and Space Company (Lockheed).[1] During the course of his employment, Lockheed allegedly deprived plaintiff of stewardship in his union and transferred him from one job to another. These acts of Lockheed were accompanied by "personal verbal insults" directed at plaintiff by his fellow workers. In a count alleging conspiracy, plaintiff also claimed that Lockheed twice caused him to be passed over for promotion, and had him assigned to work tasks not appropriate to his labor grade. Lockheed also terminated plaintiff's employment[2] and subjected him to "many other acts of harassment." Plaintiff generally alleged that all such acts were intended by defendants to cause him emotional distress, were ratified by Lockheed, and were within the scope and course of defendants' employment. Plaintiff also alleged that, as a proximate result of these acts, he has been made "physically sick and ill" and has incurred "some permanent disability." Almost as a sidelight, he alleges that he has been subjected to pain and suffering as a proximate result of those same acts.

Lockheed demurred specially and generally to plaintiff's third amended complaint on several grounds, all of which were found by the trial court to be well taken. The court held that it had no jurisdiction over the complaint, since workers' compensation was plaintiff's only remedy. It was also held that the complaint failed to state a cause of action for intentional infliction of emotional distress, and was uncertain. Plaintiff appeals from the court's judgment of dismissal, challenging all grounds upon which the demurrer was sustained.

Plaintiff takes issue with the court's holding that workers' compensation provides his sole remedy. He cites *Magliulo* v. *Superior Court* (1975) 47 Cal.App.3d 760 [121 Cal.Rptr. 621] for the proposition that an employee's remedy for an intentional tort committed by his employer may be pursued either through civil suit or workers' compensation. The *Magliulo* holding is not so broad in its sweep, however. In reaching its holding, the *Magliulo* court likened the situation before it (an employer bodily throwing his employee to the ground in a fit of pique) to the exclusive remedy exception granted by Labor Code, section 3601, subdivision (a)(1).

---

[1]Lockheed and plaintiff's fellow employees were named as defendants. However, only Lockheed is a party to this appeal.

[2]Plaintiff was reinstated to his full employment status soon thereafter.

The pertinent portions of section 3601, subdivision (a), provide that the right to recover workers' compensation benefits shall be "the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment . . ." except "(1) When the injury or death is proximately caused by the willful and unprovoked physical act of aggression of such other employee."

Accenting the fact that this exception is only to be applied to acts of physical aggression of the employee or employer, the court in *Magliulo* repeatedly stressed that "the courts are free to determine whether the employer loses his immunity from civil suit in the event he *personally intentionally inflicts an injury on the person* of his employee." (P. 769; italics added.) "Where there is an intentional assault it is of questionable relationship to general conditions of employment." (P. 779.) Since *Magliulo* clearly deals with an employer's act of physical aggression, its holding does not necessarily apply to a situation involving a question of intentionally inflicted emotional distress. Additionally, plaintiff Ankeny's complaint relates entirely to the general condition of employment at defendant Lockheed's plant.

Plaintiff also contends that the holding of *Renteria* v. *County of Orange* (1978) 82 Cal.App.3d 833 [147 Cal.Rptr. 447] should govern the disposition of this case. The *Renteria* court held that, since an employee did not suffer any compensable physical disability as a result of intentionally inflicted emotional distress, he should be allowed to pursue a civil remedy against his employer. The facts in *Renteria* are similar to those in a California Supreme Court case, *Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493 [86 Cal.Rptr. 88, 468 P.2d 216]. In *Alcorn,* the court allowed the plaintiff to sue his employer for intentional infliction of emotional distress, though the issue of workers' compensation was never raised. Since neither *Alcorn* nor *Renteria* involved compensable physical injury or disability, limiting the plaintiffs to workers' compensation would have shielded the employer from all liability. Obviously, in drafting the Workers' Compensation Act, the Legislature did not intend such a result. Therefore, the plaintiffs in *Alcorn* and *Renteria* were allowed to file civil suits.

Plaintiff's complaint is readily distinguishable from those in *Alcorn* and *Renteria.* Here, plaintiff has alleged physical injury and disability, while the complaints in *Alcorn* and *Renteria* contained no such allegations. Acts attributed to defendants, alleged by plaintiff, were not of an

outrageous character. The acts alleged in *Alcorn* and *Renteria* were of such a nature. Unlike the cases of *Alcorn* and *Renteria,* workers' compensation, in this instance, does offer plaintiff a remedy. Thus, we disagree with plaintiff and hold that *Renteria* does not govern the disposition of this case.

■ We are also of the opinion that the trial court properly sustained defendant's demurrer to the complaint for failure to state facts constituting a cause of action. It is apparent from the face of the complaint that plaintiff failed to plead facts showing outrageous conduct on the part of the defendants. Without such pleading, no cause of action for intentional infliction of emotional distress will stand. (*Newby* v. *Alto Riviera Apartments* (1976) 60 Cal.App.3d 288, 296 [131 Cal.Rptr. 547].)

■ In *Newby* v. *Alto Riviera Apartments, supra,* at page 297, the court aptly observed that, to satisfy the element of outrageous conduct necessary to a cause of action for emotional distress, a plaintiff must allege that (1) the defendant abused a relation or position which gives him power to damage the plaintiff's interest, (2) the defendant knew that the plaintiff was susceptible to injury through mental distress, or (3) the defendant acted intentionally or unreasonably with the recognition that the acts were likely to result in illness through mental distress. (P. 297.)

Although plaintiff cites *Alcorn* v. *Anbro Engineering, Inc., supra,* 2 Cal.3d 493, in support of his complaint's sufficiency, it serves rather to point up its deficiency. In *Alcorn,* the plaintiff alleged that his supervisor fired him in a very aggravated manner, shouting at him and using racial slurs and provocative language. Also, he alleged that he was a Negro, and that Negroes are especially susceptible to such conduct. The conduct of the supervisor was clearly outrageous under the test enunciated in *Newby* v. *Alto Riviera Apartments, supra.*

■ Here, plaintiff has not alleged any such special susceptibility to injury through mental distress. Neither has he alleged that his employer, or any of his fellow employees, abused a relation or position which gives them power to damage plaintiff's interest. On the contrary, plaintiff alleged that all defendants acted "in the scope of said agency and course of said employment." The allegations themselves show no abuse of defendants' position in relation to plaintiff. Finally, because of the dearth of facts therein, plaintiff's complaint fails to show that the acts of the defendants were such a great departure from everyday life as to cause defendants to realize that such conduct might cause mental distress.

Section 46, comment d, of the Restatement Second of Torts (cited by the court in *Alcorn* v. *Anbro Engineering, Inc., supra*) states that liability " 'does not extend to mere insults, indignities,' threats, annoyances, petty oppressions, or other trivialities,' but only to conduct so extreme and outrageous 'as to go beyond all possible bonds of decency . . . .' " (*Alcorn,* at p. 499, fn. 5.)

■ Plaintiff's complaint is also uncertain. In the complaint, he alleges conclusions of law such as "tortiously caused" and "conspired to tortiously cause" acts of an unspecified nature which somehow caused plaintiff to be passed over for promotion and deprived of stewardship in his union. ■ It is settled law that a pleading must allege facts and not conclusions, and that material facts must be alleged directly and not by way of recital. (*Vilardo* v. *County of Sacramento* (1942) 54 Cal.App.2d 413, 418-419 [129 P.2d 165].) Also, in pleading, the essential facts upon which a determination of the controversy depends should be stated with clearness and precision so that nothing is left to surmise. (*Philbrook* v. *Randall* (1924) 195 Cal. 95, 103 [231 P. 739].) Those recitals, references to, or allegations of material facts which are left to surmise are subject to special demurrer for uncertainty. (*Bernstein* v. *Piller* (1950) 98 Cal.App.2d 441, 443-444 [220 P.2d 558].) ■ Such conclusionary allegations as are noted above, without facts to support them, are ambiguous. Plaintiff argues only that defendant complains of insufficient facts, not uncertainty. However, examination of the pleading with reference to these points shows the allegations to be ambiguous, hence uncertain. We conclude, therefore, that the trial court was also correct in sustaining the special demurrer to plaintiff's complaint.

The judgment is affirmed.

Taylor, P. J., and Kane, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 22, 1979.