[Civ. No. 46300. First Dist., Div. One. June 1, 1981.]

CONROE C. McGEE et al., Plaintiffs and Appellants, v.
JAMES P. McNALLY et al., Defendants and Respondents.

**COUNSEL**

Howard & Varty and Wayne D. Howard for Plaintiffs and Appellants.

Miriam Gerber, Wines, Robinson, Wood & Anderson, Ropers, Majeski, Kohn, Bentley, Wagner & Kane and Michael J. Brady for Defendants and Respondents.

## OPINION

NEWSOM, J.—Appellant Conroe C. McGee filed a complaint seeking damages for intentional infliction of emotional distress, alleging in substance that while employed as a foreman at the Stanford University Hospital, he had been the victim of a campaign of harassment designed by his supervisors to deprive him of his job and replace him with a fellow worker.

Respondents demurred, claiming that the exclusive remedy for these complaints lies in the workers' compensation law. The demurrer was sustained without leave to amend, and the central issue presented by the appeal is the correctness of that order.

Section 3600 of the Labor Code provides that compensation benefits are available for "any injury sustained by . . . employees arising out of and in the course of employment," and that such remedies are "in lieu of any other liability whatsoever to any person"; and section 3601 makes such recovery, where entitlement is found, the *exclusive* remedy for an employee injured within the scope of his employment.

Respondents argument is that the "conditions for compensation" do not exist, since the injuries alleged are psychotraumatic, and not corporeal.

The case seems closely analogous to *Renteria* v. *County of Orange* (1978) 82 Cal.App.3d 833 [147 Cal.Rptr. 447], in which the complaint alleged racial discrimination intended to cause petitioner to resign his employment. Citing *Magliulo* v. *Superior Court* (1975) 47 Cal.App.3d 760 [121 Cal.Rptr. 621], in which an employee intentionally injured by an employer was permitted to sue outside the compensation laws, the court in *Renteria* concluded that the tort of intentional infliction of mental distress constitutes "an entire class of civil wrongs outside the contemplation of the workers' compensation system." (*Renteria* v. *County of Orange, supra*, at p. 841.)

In so concluding, the *Renteria* court cited this observation from *Magliulo* v. *Superior Court, supra*, 47 Cal.App.3d 760, "'It may therefore be proper to say that the provisions of section 3601 ... should be read in the light of section 3600 which refers to "without regard to negligence," and that in the absence of a controlling statute the courts are free to determine whether the employer loses his immunity from civil suit in the event he personally intentionally inflicts an injury on the person of his employee.' (*Id.*, at p. 769.)" (*Renteria* v. *Superior Court, supra*, 82 Cal.App.3d 833, 838.)

We note that appellants' contentions include oblique reference to physical harm; but the thrust of the complaint is patently *emotional* injury, as evidenced, for example, by allegations that appellant, "suffered humiliation, mental anguish, and emotional and physical distress, and has been injured in mind and body." (First cause of action.)

Cases since *Renteria* v. *County of Orange, supra*, 82 Cal.App.3d 833, have disapproved damages outside the workers' compensation law where physical injury is alleged to have followed intentional infliction of emotional distress. Thus, in *Ankeny* v. *Lockheed Missiles & Space Co.* (1979) 88 Cal.App.3d 531 [151 Cal.Rptr. 828], plaintiff alleged that he had been made "physically sick and ill" and had incurred "some permanent disability" as the result of harassment and insult from fellow workers (*id.*, at p. 534). Distinguishing the factual situation from *Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493 [86 Cal.Rptr. 88, 468 P.2d 216], and *Renteria* v. *County of Orange, supra*, 82 Cal.App. 3d 833, the court stated: "Since neither *Alcorn* nor *Renteria* involved compensable physical injury or disability, limiting the plaintiffs to workers' compensation would have shielded the employer from all liability. Obviously, in drafting the Workers' Compensation Act, the Legislature did not intend such a result. Therefore, the plaintiffs in *Alcorn* and *Renteria* were allowed to file civil suits. [¶] Plaintiff's complaint is readily distinguishable from those in *Alcorn* and *Renteria*. Here, plaintiff has alleged physical injury and disability, while the complaints in *Alcorn* and *Renteria* contained no such allegations. Acts attributed to defendants, alleged by plaintiff, were not of an outrageous character. The acts alleged in *Alcorn* and *Renteria* were of such a nature. Unlike the cases of *Alcorn* and *Renteria*, workers' compensation, in this instance, does offer plaintiff a remedy. Thus, we disagree with plaintiff and hold that *Renteria* does not govern the disposition of this case." (88 Cal.App.3d at pp. 535-536.)

Again, in *Gates v. Trans Video Corp.* (1979) 93 Cal.App.3d 196 [155 Cal.Rptr. 486], a judgment awarding damages for intentional infliction of emotional distress was reversed, following *Ankeny, supra,* because physical injuries and actual disability were pleaded and proved, thus bringing the case within the general protection of the Workers' Compensation Act. As in *Ankeny, Renteria* was cited with approval, but found inapplicable because the employee there did not allege that he had suffered any physical injuries or employment disability.

■ In the case at bench the allegations of physical injury strike us as mere "makeweight"; no actual claim of disability is made. We therefore think it a case in which, adopting the rationale of the decisions cited, compensation outside the Workers' Compensation Act ought to be allowed under appropriate circumstances. As was said in *Renteria v. County of Orange, supra,* 82 Cal.App.3d 833: "We conclude that an employee's cause of action for intentional infliction of emotional distress constitutes an implied exception to the exclusive remedy provisions of Labor Code section 3601. We note that our conclusion is in accord with that of a distinguished commentator, who states: 'If the essence of the tort, in law, is non-physical, and if the injuries are of the usual nonphysical sort, with physical injuries being at most added to the list of injuries as a makeweight, the suit should not be barred. But if the essence of the action is recovery for physical injury or death, the action should be barred even if it can be cast in the form of a normally non-physical tort.' (2A Larson, Workmen's Compensation Law, § 68.34, pp. 13-31, 13-32.)" (82 Cal.App.3d at p. 842.)

Nothing in our conclusion conflicts with the policy of the workers' compensation system, which wisely balances employers' immunity from liability at law (with all attendant hazards and vagaries) against the detriment of swift and certain payment of *limited* compensation. It is now in fact established that the Workers' Compensation Act was not intended to preclude certain actions based upon rare instances of malicious oppression. A recent statement of that recognition is found in our Supreme Court's decision in *Johns-Manville Products Corp. v. Superior Court* (1980) 27 Cal.3d 465 [165 Cal.Rptr. 858, 612 P.2d 948], where, citing *Renteria v. County of Orange, supra,* 82 Cal.App.3d 493, with approval, the court noted more broadly: "[A] trend toward allowing an action at law for injuries suffered in the employment if the employer acts deliberately for the purpose of injuring the employee . . . ." (27 Cal.3d at p. 476; see also the broad and favorable reference to *Renteria* in the dis. opn., fn. 3, p. 486.)

For the above stated reasons we conclude that since appellant's actions are not barred by Labor Code sections 3600 and 3601 the trial court erred in sustaining respondents' demurrer to the complaint on grounds that the matters alleged in the pleadings are cognizable only under the Workers' Compensation Act.

Two other matters remain to be resolved. Respondents contend that the complaint fails to state a cause of action apart from any question of exclusivity under the Workers' Compensation Act, and that the demurrer was properly sustained on that ground.

We are in agreement that the complaint before us otherwise falls short of stating a cause of action, at least against defendant Stanford University Hospital. But a demurrer should not be sustained, as here, *without leave to amend*, where "the defect, . . . may possibly be cured by supplying omitted [and essential] allegations, and the plaintiff has not had a fair opportunity to do so, . . ." (3 Witkin, Cal. Procedure (2d ed. 1971) Pleading, § 845, p. 2450.) We cannot say that the plaintiff would be unable to state a cause of action under applicable principles.

Finally, respondents insist that, even if the complaint could be amended to eliminate reference to physical harm or disability, and thus bring it within the holding of *Renteria, supra*, that is not permissible here because of the complaint being verified, the rule is that its allegations may not be discarded without adequate explanation. (Cf. *Wennerholm* v. *Stanford Univ. Sch. of Med.* (1942) 20 Cal.2d 713, 716 [128 P.2d 522, 141 A.L.R. 1358]; *Sackett* v. *Wyatt* (1973) 32 Cal. App.3d 592, 597 [108 Cal.Rptr. 219].)

The reasons for this salutary rule, as well as reasons for certain exceptions to it, are set out in *Callahan* v. *City and County of San Francisco* (1967) 249 Cal.App.2d 696 [57 Cal.Rptr. 639], as follows: "It is the rule that allegations of fact, once made under oath, may not ordinarily be dropped without adequate explanation merely for the purpose of avoiding their harmful effect to the pleader. (2 Chadbourn, Grossman & Van Alystyne, California Pleading, § 1111, pp. 360-361; 2 Witkin, Cal. Procedure (1954) § 592, pp. 1603-1604.) The verified allegations may be considered by the court at a hearing of the demurrer to a later pleading. (*Gressley* v. *Williams*, 193 Cal.App.2d 636 . . .; *Tostevin* v. *Douglas*, 160 Cal.App.2d 321 . . . .) [¶] But the rule must be taken together with its purpose, which is to prevent amended pleading which is only a sham, when it is apparent that no cause of action

can be stated truthfully. (*Avalon Painting Co.* v. *Alert Lumber Co.*, 234 Cal.App.2d 178, 184 ....)" (*Id.*, at p. 699.)

We are able to conceive of a number of reasons why the "offending" language regarding physical injury was included which would support its excision now without impugning the credibility of appellants' cause of action. As earlier noted, physical damage is only lightly traced in the pleadings, without reference to particulars, while obvious and repeated emphasis is placed upon the aspects of "humiliation," "anguish" and other forms of purely emotional trauma. Perhaps even more importantly, no physical *disability* cognizable by the Workers' Compensation Act is alleged to have occurred as a result of the alleged injuries.

The cause is reversed and remanded for further proceedings consistent with the views expressed herein.

Elkington, Acting P. J., and Grodin, J., concurred.