[No. B007351. Second Dist., Div. Two. Feb. 15, 1985.]

HOLLYWOOD REFRIGERATION SALES CO., INC., Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; ANDRE VON LAVRINOFF, Real Party in Interest.

**COUNSEL**

Murchison & Cumming and B. Eric Nelson for Petitioner.

No appearance for Respondent.

Gordon, Edelstein & Krepack, Rodolfo Echeverria and Robert G. Blank for Real Party in Interest.

**Opinion**

**COMPTON, J.**—The action which underlies this mandamus proceeding was instituted by plaintiff to recover damages from his former employer and former supervisor for intentional infliction of emotional distress. Employer moved for summary judgment on the basis that the action at law was barred by plaintiff's earlier settlement of a workers' compensation claim based on the same events. The trial court denied the motion; employer petitioned this court for relief. We granted an alternative writ. We conclude that plaintiff's action is barred.

The relevant chronology is as follows: In July 1980, plaintiff filed a claim with the Workers' Compensation Appeals Board (WCAB) for injury to "nerves, internal organs and other parts" occurring as a result of "stress of job" from April 1977 to July 1980.

In March 1981, plaintiff instituted the underlying action. His complaint included causes of action for negligent and intentional infliction of mental distress and "wanton and reckless misconduct." All of the counts were essentially based upon the assertion that from the period of June 1977 to July 1980, plaintiff's supervisor, Al Seidner, had engaged in a continuing course of harassment and abusive behavior toward him and that employer had ratified this conduct.[1]

The complaint concluded: "As a result of the aforesaid conduct . . . plaintiff has been caused to suffer great mental anguish, humiliation, and shame and has become sick and ill all to his general damage.

"As a further result of the aforesaid conduct . . . plaintiff has been prevented from attending to his usual occupation and has thereby suffered a loss of earnings. Plaintiff is informed and believes, and based thereon alleges, that he will be prevented from attending to his usual occupation in the future for a period of time not presently ascertainable. When the total of plaintiff's lost earnings becomes known to plaintiff, he will seek leave of Court to amend this pleading accordingly."

In April 1981, employer answered the complaint with a general denial. Additionally, its answer raised the defense of contributory negligence and asserted that the complaint failed to state a cause of action.

---

[1]Plaintiff was fired in July 1980, after he walked off the job following an argument with his supervisor.

Two years later, in April 1983, plaintiff's workers' compensation claim was disposed of by a "Compromise and Release" under which plaintiff was paid a lump sum. The compromise recited that plaintiff had "sustained an injury arising out of and in the course of his employment as follows: all internal organs; musculo-skeletal portions of his body; *psyche;* both legs; both arms; neck; head; internal diseases." (Italics added.)

The compromise further recited that a serious and bona fide dispute existed between the parties as to a variety of issues raised by plaintiff's claim and that plaintiff's acceptance of the compromise constituted a waiver of any other claims he may have had against the parties because of these events. The WCAB approved the compromise by a formal order.

In August 1984, employer moved for summary judgment in the underlying action on the basis that the Workers' Compensation Appeals Board had exclusive jurisdiction of the cause and that the above mentioned compromise settlement was res judicata as to the civil action. We agree.

If an employee's injuries are compensable under the workers' compensation act, the benefits provided thereunder constitute the exclusive remedy against the employer and any fellow employee. (Lab. Code, §§ 3600, 3601.) The compensation available is limited to what could be characterized as "special damages" and a form of "punitive damages" in the nature of a surcharge when the employer is guilty of serious and willful misconduct. (Lab. Code, § 4553.)

Labor Code section 3601, however, provides in part that an action at law may be maintained against "a fellow employee" when a work-related injury or death results, inter alia, from a "willful and unprovoked physical act of aggression" by said employee.

That statutory provision has been extended to permit an action at law against the employer who personally commits a physical assault on the employee (*Johns-Manville Products Corp.* v. *Superior Court* (1980) 27 Cal.3d 465 [165 Cal.Rptr. 858, 612 P.2d 948, 9 A.L.R.4th 758]), or who, by ratifying an assault by an employee, becomes a joint participant therein (*Iverson* v. *Atlas Pacific Engineering* (1983) 143 Cal.App.3d 219 [191 Cal.Rptr. 696]).

In the above mentioned situation, which necessarily involves a disabling injury, the issue of whether the workers' compensation benefits and tort damages are alternative or cumulative forms of relief remains essentially unsettled. In *Magliulo* v. *Superior Court* (1975) 47 Cal.App.3d 760 [121

Cal.Rptr. 621], the Court of Appeal for the First District stated at page 780: "[A]t least until an award of workmen's compensation benefits is made and satisfied [citations], or until a judgment is recovered in the civil suit for damages [citations], the remedies may be treated as cumulative or at least alternative."

The applicability of Labor Code sections 3600 and 3601 to other types of work-related intentional torts committed by an employer against an employee was discussed in *Renteria* v. *County of Orange* (1978) 82 Cal.App.3d 833 [147 Cal.Rptr. 447].

The court there observed that if the employer's intentional tort was of a type which did not result in a *disabling physical injury* compensable under the workers' compensation act, a determination that the WCAB had exclusive jurisdiction would leave the employee with no remedy whatsoever.

*Renteria, supra,* involved a claim by an employee that his employer and fellow employees discriminated against him because of his Mexican-American descent and intentionally engaged in conduct calculated to cause him humiliation and mental and emotional distress.

The court concluded that since the damage suffered by plaintiff was not compensable under workers' compensation law, there being no disabling injury, either mental or physical, a common law tort action could be maintained by the employee against the employer. An implied exception to Labor Code section 3601 was found to exist.

In *McGee* v. *McNally* (1981) 119 Cal.App.3d 891 [174 Cal.Rptr. 253], the court followed *Renteria* and permitted an employee to bring an action at law against his employer in another case of alleged intentional infliction of emotional distress designed to force plaintiff from his job and to replace him with a fellow employee.

In both *Renteria* and *McGee* the key to plaintiff's position was the absence of a disabling injury cognizable under the workers' compensation act. The court in *McGee, supra,* in fact brushed aside as "make weight" some vague allegations of physical harm contained in the plaintiff's complaint and observed that "no actual claim of disability is made."

Both the *Renteria* and *McGee* courts quoted with approval from the following: " 'If the essence of the tort, in law, is non-physical, and if the injuries are of the usual non-physical sort, with physical injuries being at most added to the list of injuries as a makeweight, the suit should not be

barred. But if the essence of the action is recovery for physical injury or death, the action should be barred even if it can be cast in the form of a normally non-physical tort.' (2A Larson, Workmen's Compensation Law § 68.34, pp. 13-31, 13-32.).'' (*Renteria* v. *County of Orange, supra,* at p. 842.)

The court in both *Renteria* and *McGee* found that, under the circumstances there present, the *action at law was the exclusive remedy available to plaintiff.* On the other hand a line of cases since *Renteria* have found that *compensation under the workers' compensation law was the only remedy available to the employee where he alleged that physical or mental injury and actual disability* followed the intentional infliction of emotional distress. (*Gates* v. *Trans Video Corp.* (1979) 93 Cal.App.3d 196 [155 Cal.Rptr. 486]; *Ankeny* v. *Lockheed Missiles & Space Co.* (1979) 88 Cal.App.3d 531 [151 Cal.Rptr. 828].) Neither line of cases, i.e., *Renteria–McGee* nor *Gates–Ankeny* suggest that the two forms of relief are alternative or cumulative.

In the case at bench, plaintiff's complaint alleges physical harm *and* disability in that the employer's conduct "prevented [him] from attending to his usual occupation and [he had] thereby suffered a loss of earnings . . . [and that he would] be prevented from attending to his usual occupation in the future for a period of time not presently ascertainable." He has accepted compensation therefor under the provisions of the workers' compensation law.

The WCAB's formal approval of the compromise settlement necessarily included the determination that the alleged injuries were compensable under the workers' compensation act. (*Carter* v. *Superior Court* (1956) 142 Cal.App.2d 350, 356 [298 P.2d 598].) The approved compromise is a judgment and has the same force and effect as an award made after a full hearing. (*City of Anaheim* v. *Workers' Comp. Appeals Bd.* (1982) 128 Cal.App.3d 200, 206 [180 Cal.Rptr. 132].) The issue of compensability under the workers' compensation law is thus res judicata. *Renteria, supra,* and *McGee, supra,* are of no help to the plaintiff. *Ankeny, supra,* and *Gates, supra,* are controlling.

In essence, and by his own admission, plaintiff is attempting to recover general damages for "pain and suffering" in addition to the "special damages" recovered in the workers' compensation settlement. *Renteria,* on which plaintiff relies, stands for no such proposition. If such a drastic change is to be wrought in the workers' compensation law, it must be done

by the Legislature and not the courts. (*Williams* v. *State Compensation Ins. Fund* (1975) 50 Cal.App.3d 116 [123 Cal.Rptr. 812].)

Let a peremptory writ of mandate issue directing respondent court to set aside its order of September 6, 1984, and enter a new and different order granting a motion for summary judgment.

Roth, P. J., and Beach, J., concurred.