[No. B037858. Second Dist., Div. One. Dec. 20, 1989.]

JERRY GOLDMAN, Plaintiff and Appellant, v.
WILSEY FOODS, INC., et al., Defendants and Respondents.

COUNSEL

Lawrence C. Bragg for Plaintiff and Appellant.

Tobin, Lucks & Goldman, Edwin J. Lucks and Darrin F. Meyer for Defendants and Respondents.

OPINION

HANSON, J.—

## INTRODUCTION

By second amended complaint, plaintiff Jerry Goldman sought compensatory and punitive damages, alleging religious harassment and discrimina-

tion at his place of employment. Named as defendants were Wilsey Foods, Inc., the corporate former employer of plaintiff and five of plaintiff's former fellow employees, Steven Gilpin, Wardell Macon, Lindsey Starr, Jr., John Malarkey, George Marty and Does. The complaint identified Gilpin, Macon and Starr, Jr., as foremen and Marty and Malarkey as supervisors.

The complaint stated four causes of action: (1) violation of civil rights (Fair Employment and Housing Act, Gov. Code, §§ 12940, subd.(a) and 12965); (2) violation of civil rights (Civil Rights Act of 1964, 42 U.S.C. § 2000e-2 et seq.); (3) intentional infliction of emotional distress; (4) negligent infliction of emotional distress.

The trial court sustained demurrers without leave to amend on the first two causes of action as barred by statutes of limitation and on the third and fourth causes of action as within the exclusive jurisdiction of the Workers' Compensation Appeals Board (WCAB).

Plaintiff has filed a timely appeal from the trial court's order dismissing the complaint.

### STANDARD OF REVIEW

██ A general demurrer admits the truth of all material factual allegations in the complaint; therefore, we accept them as true for the purpose of deciding whether the complaint has stated a cause or causes of action, a question of law. We are not concerned with plaintiff's ability to prove these allegations at trial. (*Alcorn* v. *Anbro Engineering, Inc.* (1970) 2 Cal.3d 493, 496 [86 Cal.Rptr. 88, 468 P.2d 216].)

### FACTUAL AND PROCEDURAL HISTORY

Corporate defendant Wilsey employed plaintiff as a production worker from 1980 until the summer of 1984. Plaintiff filed a complaint on July 12, 1984, with the California Department of Fair Employment and Housing, alleging that he was being discriminated against on the job because he was Jewish. He specifically identified a foreman, Steven Gilpin, as one of those harassing him; Gilpin, plaintiff said, had described himself as anti-Semitic, and gave this reason for his treatment of plaintiff. (Later, on January 18, 1985, plaintiff filed another discrimination claim with the California Department of Fair Employment and the Equal Employment Opportunity Commission.)

It appears that on August 2, 1984, plaintiff also filed an application with the Workers' Compensation Appeals Board, alleging "stress and strain to nervous system; psychiatric disability."

Plaintiff Goldman filed his first *civil* complaint in propria persona on February 4, 1985, seeking damages for the intentional infliction of emotional distress from the named defendants. His employment with Wilsey had ended on January 21, 1985, under circumstances the record does not make clear; the complaint alleged, however, that each of the named individual defendants "has acted toward Plaintiff in an abusive, threatening, obscene and/or outrageous manner. These defendants' acts include, but are not limited to, the following: (a) Defendant Macon has called Plaintiff a pig and accused him of smelling like a 'dead pig'; (b) Defendant Starr has threatened· to discharge Plaintiff and to ruin his life; (c) Defendant Marty has referred to Plaintiff as an 'asshole' and encouraged other workers to avoid him; (d) Defendant Malarkey has told Plaintiff to follow any order of his foreman, however, degrading [*sic*]; (e) Defendant Gilpin has not allowed Plaintiff reasonable visits to the bathroom and has called Plaintiff a fucking Jew."

Plaintiff alleged that the defendants' treatment caused him to suffer "shame, humiliation, mental anguish and emotional and physical distress." The complaint also alleged that the defendants' acts prevented plaintiff "from attending to his usual occupation as a production worker since on or about July 19, 1984," and that he would be prevented from attending to his usual occupation for a future period he could not ascertain.

The record shows that the Fair Employment and Housing Commission advised plaintiff by letter (the "right to sue" letter) on May 19, 1985, that the administrative file was being closed and that he had a right to commence a civil action at any time within a year of the date of the letter. As we have indicated, plaintiff had already filed a civil complaint three months earlier.

On December 5, 1985, the WCAB dismissed plaintiff's compensation case. The federal Equal Employment Opportunity Commission (EEOC) issued its "right to sue" letter on January 5, 1987.

Thereafter plaintiff secured counsel and on January 19, 1988, filed a first amended complaint for damages alleging two causes of action, one for intentional infliction of emotional distress and one for negligent infliction of emotional distress. Defendants demurred to the complaint on the grounds that plaintiff's causes of action were within the exclusive jurisdiction of the WCAB; the demurrers were sustained with leave to amend.

Plaintiff then filed the second amended complaint, with which we are concerned here, containing two "civil rights" causes of action derived from a state and from a federal statute, and two common law emotional distress

causes of action. Its "introduction" alleged that plaintiff's personal injuries caused him "great mental, physical and nervous pain and suffering including emotional distress. Plaintiff is informed and believes, and upon that information and belief alleges that his injuries will result in some permanent disability to said Plaintiff. . . . As a further direct and proximate result of the conduct of Defendants, and each of them, Plaintiff was prevented from attending to his usual occupation, and Plaintiff is informed and believes, and on such information and belief alleges, that he will be prevented from attending to said usual occupation for a period in the near future. . . ."

The order of dismissal stated that "the First and Second Causes of Action are barred by the applicable statute of limitations cited by defense counsel, and the Third and Fourth Causes of Action of the Second Amended Complaint are barred in that the injuries alleged fall within the purview of the holding in *Cole* v. *Fair Oaks Fire Protection System* (1987) 43 Cal.3d 148, and are within the exclusive jurisdiction of the Workers' Compensation Appeals Board."

This appeal followed.

### SCOPE OF REVIEW

■ At the trial level, plaintiff submitted opposition papers addressing issues with respect to all four causes of action. On appeal, plaintiff has only argued by brief the correctness of the trial court's ruling on the third and fourth causes of action. Defendants, on appeal, view this as abandonment by plaintiff of the appeal from the dismissal of the first and second causes of action.

We do not. The notice of appeal stated that the appeal was being taken from the lower court's dismissal of the *complaint.* Our review of the ruling made below requires us to examine the *entire* complaint to determine whether the plaintiff stated a cause of action that entitles him to recovery, regardless of how his complaint is designated or upon what legal theory he is proceeding. (*Smith* v. *Commonwealth Land Title Ins. Co.* (1986) 177 Cal.App.3d 625, 630 [223 Cal.Rptr. 339].) All four of plaintiff's causes of action constituted efforts to plead entitlement to redress for the specified wrongs done to him, and will be addressed herein. ■ Finally, while counsel has responsibility to choose on behalf of the client the methods of litigation which in the attorney's judgment are most likely to succeed, the long established rule is that "an attorney cannot by virtue of his general authority bind his client by any act which amounts to a surrender in whole or in part of any substantial right." (*Wuest* v. *Wuest* (1942) 53 Cal.App.2d 339, 345 [127 P.2d 934].)

DISCUSSION

I.

The second amended complaint's first cause of action alleged violation of civil rights as defined in the Fair Employment and Housing Act (FEHA) in the California Government Code commencing with section 12900. (Unless otherwise noted, our discussion in this section refers to sections of the Government Code.)

■ As explained in *Brown* v. *Superior Court* (1984) 37 Cal.3d 477, 485-486 [208 Cal.Rptr. 724, 691 P.2d 272], "The FEHA establishes a comprehensive scheme for combating employment discrimination. [Citations.] As a matter of public policy, the FEHA recognizes the need to protect and safeguard the right and opportunity of all persons to seek and hold employment free from discrimination. [Citation.] This court has declared that policy to be 'fundamental.' [Citation.]

■ "Moreover, the opportunity to be free from discriminatory practices in seeking, obtaining, and holding employment is a 'civil right.' [Citation.] Employment discrimination 'foments domestic strife and unrest, deprives the state of the fullest utilization of its capacities for development and advance, and substantially and adversely affects the interest of employees, employers, and the public in general.' [Citation.] The express purpose of the FEHA is 'to provide effective remedies which will eliminate such discriminatory practices.' [Citation.] In addition, the Legislature has directed that the FEHA is to be construed 'liberally' so as to accomplish its purposes. [Citation.]"

■ Section 12965, subdivision (b) provides that after administrative consideration by the California Department of Fair Employment and Housing (DFEH), DFEH may issue a "right to sue" letter to an aggrieved person. The letter permits that person to "bring a civil action under this part against the person, employer, labor organization or employment agency named in the verified complaint within one year from the date of such notice. The superior, municipal, and justice courts of the State of California shall have jurisdiction of such actions, and the aggrieved person may file in any of these courts."

The FEHA does not specify further the type of civil action a plaintiff may bring. However, in *Commodore Home Systems, Inc.* v. *Superior Court* (1982) 32 Cal.3d 211, 215 [185 Cal.Rptr. 270, 649 P.2d 912], a case interpreting the FEHA, the California Supreme Court declared that "[w]hen a statute recognizes a cause of action for violation of a right, all forms of relief

granted to civil litigants generally, including appropriate punitive damages, are available unless a contrary legislative intent appears. [Citations.] Here we perceive no such intent."

The defendants argued below that section 12965, subdivision (b) contained a statute of limitations of one year from the issuance of the "right to sue" letter, which barred plaintiff from proceeding on his first cause of action because the letter was issued on May 19, 1985, and the second amended complaint was not filed until April 20, 1988. The trial court ruled in defendants' favor.

We disagree with the trial court's ruling. The plaintiff filed his original civil complaint on February 4, 1985, before the "right to sue" letter was sent. The original complaint set forth the facts which have remained unchanged throughout the various pleadings in this litigation. At no time have the defendants been unaware of or misled concerning the nature of plaintiff's case, nor has plaintiff been remiss in seeking relief in the various potentially accessible forums.

The issue is whether under these circumstances the second amended complaint "relates back" to the original civil complaint. ■ The statute of limitations does not bar an amended complaint alleging new causes of action if it rests on the same facts as the original complaint and refers to the same accident and same injuries as the original complaint. (*Barrington* v. *A.H. Robins Co.* (1985) 39 Cal.3d 146, 151 [216 Cal.Rptr. 405, 702 P.2d 563].)

■ In the case at bench, even though the second amended complaint specifies three causes of action that the original complaint had not, its factual allegations pertaining to plaintiff's injuries and its parties match those of the initial complaint in every particular. ■ The "relation back" doctrine focuses on factual similarity rather than rights or obligations arising from the facts, and permits added causes of action to relate back to the initial complaint so long as they arise factually from the same injury. (*Grudt* v. *City of Los Angeles* (1970) 2 Cal.3d 575, 581-585 [86 Cal.Rptr. 465, 468 P.2d 825]; *Austin* v. *Massachusetts Bonding & Insurance Co.* (1961) 56 Cal.2d 596, 601 [15 Cal.Rptr. 817, 364 P.2d 681].) A new cause of action rests upon the same set of facts when it involves the same accident and the same offending instrumentality. (*Nelson* v. *A. H. Robins Co.* (1983) 149 Cal.App.3d 862, 868 [197 Cal.Rptr. 179].)

■ Defendants argued below that an exception occurs when amendments convert a common law cause of action to a statutory one. Some early cases recognized such an exception, but the more modern decisions do not.

(5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 1164, pp. 585-586; *Semole* v. *Sansoucie* (1972) 28 Cal.App.3d 714 [104 Cal.Rptr. 897], relying on *Grudt* v. *City of Los Angeles, supra,* 2 Cal.3d 575.) As *Commodore Home Systems* made clear, the "civil action" contemplated by the FEHA does not differ in form and content from any other civil action. The *Austin* rule remains well established. (*Olson* v. *Volkswagen of America* (1988) 201 Cal.App.3d 1437, 1442 [247 Cal.Rptr. 719].)

Thus because the second amended complaint related back to the date the initial complaint was filed, the trial court erroneously ruled that the statute of limitations barred plaintiff's FEHA cause of action.

■ Does the exclusive jurisdiction of the WCAB bar plaintiff's FEHA cause of action?

■ Recent decisions have tended to narrow the range of exceptions to WCAB exclusivity, which benefits employers and employees by keeping compensation insurance costs down and by preserving the low cost, efficiency, and certainty of recovery that characterizes workers' compensation. (*Continental Casualty Co.* v. *Superior Court* (1987) 190 Cal.App.3d 156, 162 [235 Cal.Rptr. 260].) ■ Article XIV, section 4 of the California Constitution vested the Legislature with the plenary power to create a comprehensive workers' compensation system providing for a compulsory and exclusive scheme of employer liability without fault for employment-related injuries. This scheme, "exclusive of all other statutory and common law remedies" (*Graczyk* v. *Workers' Comp. Appeals Bd.* (1986) 184 Cal.App.3d 997, 1003 [229 Cal. Rptr. 494, 58 A.L.R.4th 1245]), reflects a legislated "quid pro quo." Having balanced the sacrifices and gains of employers and employees, the Legislature created a workers' compensation scheme reflecting a "fundamental social compromise," in which employers accepted liability without fault to pay compensation to injured employees in exchange for exemption from employees' civil actions for damages. (*Pickrel* v. *General Telephone Co.* (1988) 205 Cal.App.3d 1058, 1061-1062 [252 Cal.Rptr. 878].)

■ *Cole* v. *Fair Oaks Fire Protection Dist.* (1987), 43 Cal.3d 148, 157 [233 Cal.Rptr. 308, 729 P.2d 743] nevertheless expressly stated that its decision considered only common law causes of action, and did not decide whether the Labor Code's exclusive remedy provisions (Lab. Code, §§ 3600 and 3601) barred statutory causes of action. A case involving racial prejudice, *Jones* v. *Los Angeles Community College Dist.* (1988) 198 Cal.App.3d 794, 807-809 [244 Cal.Rptr. 37], discussed that point in the context of the FEHA statutory cause of action at some length. *Jones* held that the statutory anti-employment-discrimination and workers' compensation schemes

addressed different public policy concerns, and that the Legislature did not intend to include the FEHA cause of action within WCAB jurisdiction. We believe that the policy underlying the workers' compensation scheme favors upholding its exclusive remedy provisions. Nevertheless, in light of the statement of *Cole* and the holding of *Jones* (the only case adjudicating this issue as regards the FEHA cause of action), we reverse the trial court's sustaining of the demurrer.

## II.

Plaintiff pleaded his second cause of action in the language of 42 United State Code section 1983 and section 2000e-2.

Section 1983 of 42 United States Code provides, in pertinent part, for the civil liability of "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws. . . ."

Since plaintiff failed to plead that any of the defendants acted "under color of any statute, ordinance, regulation, custom, or usage, of any State . . ." he has failed to state a cause of action pursuant to section 1983. (See *Kanarek* v. *Davidson* (1978) 85 Cal.App.3d 341, 344 [148 Cal.Rptr. 86], and *Gomez* v. *Toledo* (1980) 446 U.S. 635, 640 [64 L.Ed.2d 572, 577-578, 100 S.Ct. 1920].)

He has also failed to state a cause of action as provided in 42 United States Code section 2000e-2. Section 2000e(b) defines an "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees. . . ." Plaintiff pleaded that "Defendant Wilsey is a corporation regularly employing *five or more* persons." This allegation was not sufficient to withstand demurrer.

The trial court properly sustained the demurrer to the second cause of action without leave to amend.

## III.

Does *Cole* control the second amended complaint's third and fourth causes of action, for intentional and for negligent infliction of emotional distress?

The workers' compensation law awards compensation for *disability* incurred in employment. (*Universal City Studios, Inc.* v. *Worker's Comp.*

*Appeals Bd.* (1979) 99 Cal.App.3d 647, 659-660 [160 Cal.Rptr. 597].) A series of cases has permitted suits for emotional distress where the plaintiff has not alleged employment disability. (*Renteria* v. *County of Orange* (1978) 82 Cal.App.3d 833, 840 [147 Cal.Rptr. 447]; *McGee* v. *McNally* (1981) 119 Cal.App.3d 891 [174 Cal.Rptr. 253], 895; and *Iverson* v. *Atlas Pacific Engineering* (1983) 143 Cal.App.3d 219, 230 [191 Cal.Rptr. 696].) Another has held that a workers' compensation award was the exclusive remedy for emotional distress accompanied by physical disability. (*Ankeny* v. *Lockheed Missiles & Space Co.* (1979) 88 Cal.App.3d 531 [151 Cal.Rptr. 828]; *Gates* v. *Trans Video Corp.* (1979) 93 Cal.App.3d 196, 205 [155 Cal.Rptr. 486]; *Hollywood Refrigeration Sales Co.* v. *Superior Court* (1985) 164 Cal.App.3d 754, 759 [210 Cal.Rptr. 619].)

Although it was not the sole basis for the decision, in *Cole* v. *Fair Oaks Fire Protection Dist., supra,* 43 Cal.3d 148, 160, the plaintiff's emotional distress cause of action alleged "total, permanent, mental and physical disability." Expressly noting this allegation, *Cole* held: "[W]hen the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotion distress *causing disability* may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability." (*Id.* at p. 160, italics added.)

■■■ In the case at bench, the second amended complaint makes the following allegations: "As a direct and proximate result of the wrongful conduct of Defendants, and each of them, Plaintiff has sustained personal injuries all of which said injuries have caused and continue to cause Plaintiff great mental, physical and nervous pain and suffering including emotional distress. Plaintiff is informed and believes, and upon that information and belief alleges that his injuries will result in some permanent disability to said Plaintiff, all to his general damages in a sum within the jurisdiction of this Court." [¶14.] "As a further direct and proximate result of the conduct of Defendants, and each of them, plaintiff was prevented from attending to his usual occupation, and Plaintiff is informed and believes, and on such information and belief alleges, that he will be prevented from attending to said usual occupation for a period of time in the near future. . . ." [¶16.]

We read these paragraphs, incorporated by reference into the emotional distress causes of action, to allege employment disability. As defendants note, the allegations in *Hollywood Refrigeration Sales Co.* v. *Superior Court, supra,* 164 Cal.App.3d 754, 759, correspond to those in the pleading at bench, both in specific phrases concerning his inability to work as well as in

the future nature of his disability. "In the case at bench, plaintiff's complaint alleges physical harm *and* disability in that the employer's conduct 'prevented [him] from attending to his usual occupation and [he had] thereby suffered a loss of earnings . . . [and that he would] be prevented from attending to his usual occupation in the future for a period of time not presently ascertainable.'" *Hollywood Refrigeration Sales* denied relief based on the rule that where an employee alleged physical or mental injury and actual disability following infliction of emotional distress, compensation under the workers' compensation law was the only available remedy. (*Id.* at p. 759.)

 We therefore affirm the trial court's sustaining of the demurrer without leave to amend in the third and fourth causes of action.

### Disposition

As to the first, FEHA cause of action, we reverse the trial court's sustaining of the demurrer, but we affirm the trial court's sustaining of the demurrers as to the remaining three causes of action. Parties to bear own costs on appeal.

Spencer, P. J., and Ortega, J., concurred.