[No. B026114. Second Dist., Div. Six. Nov. 9, 1988.]

ARLISS PICKREL, Plaintiff and Appellant, v.
GENERAL TELEPHONE COMPANY OF CALIFORNIA,
Defendant and Respondent.

**COUNSEL**

Dennis F. Moss, Joan M. Graff, Robert Barnes, Chris Redbann, John M. True and Christopher Ho for Plaintiff and Appellant.

Susan J. Hartley, Nancy Bornn, Kenneth A. Rivin and Joseph Posner as Amici Curiae on behalf of Plaintiff and Appellant.

R. Ralph Synder, Jr., Mark F. Sullivan, Robert H. Wyman, Robert N. Herrera, Lawrence A. Valdivieso, Richard E. Potter, Annelle & Hastie, Joan M. Russell and James T. Diamond, Jr., for Defendant and Respondent.

OPINION

ABBE, J.—Appellant, Arliss Pickrel (Pickrel), sustained an industrial injury while employed by respondent General Telephone Company of California (General). She suffered a back sprain while moving a ladder and as a result of "continuous trauma" at work during the year preceding the ladder incident.

Pickrel filed two applications for adjudication pursuant to the Workers' Compensation and Insurance Law (Lab. Code,[1] § 3200 et seq.) to recover compensation for her injury. Her claims were settled for $18,000 and the settlement was approved by a workers' compensation judge.

Later, Pickrel filed this civil action against General alleging termination of employment because of a physical handicap in violation of Government Code section 12940.[2] The physical handicap alleged in Pickrel's civil action is the same back problem she suffered on the job with General that was the basis of the workers' compensation claims. In this action, Pickrel seeks lost earnings and fringe benefits, damages for anxiety, worry, mental and emotional distress and punitive damages. She alleges she was not rehired by General because of the physical handicap even though she was capable of returning to work. She also alleges General would not make reasonable accommodations to allow her to work in any position.

Pickrel appeals the judgment entered against her after refusing to amend her complaint upon a demurrer being sustained with leave to amend. The appeal is on an agreed statement, incorporating the complaint, the demurrer and other records. We affirm the judgment.

---

[1] All other statutory references are to this code unless otherwise specified.

[2] Government Code section 12940 provides in pertinent part: "It shall be an unlawful employment practice, unless based upon a bona fide occupational qualification, . . . : [¶] (a) For an employer, because of the . . . physical handicap, [or] medical condition . . . of any person, to refuse to hire or employ the person . . . or to bar or to discharge the person from employment . . . or to discriminate against the person in compensation or in terms, conditions or privileges of employment. [¶] (1) Nothing in this part shall prohibit an employer from refusing to hire or discharging a physically handicapped employee, or subject an employer to any legal liability resulting from the refusal to employ or the discharge of a physically handicapped employee, where the employee, because of his or her physical handicap, is unable to perform his or her duties, or cannot perform those duties in a manner which would not endanger his or her health or safety or the health and safety of others. [¶] (2) Nothing in this part shall prohibit an employer from refusing to hire or discharging an employee who, because of the employee's medical condition, is unable to perform his or her duties, or cannot perform those duties in a manner which would not endanger the employee's health or safety or the health or safety of others. Nothing in this part shall subject an employer to any legal liability resulting from the refusal to employ or the discharge of an employee who, because of the employee's medical condition, is unable to perform his or her duties, or cannot perform those duties in a manner which would not endanger the employee's health or safety or the health or safety of others."

■ On appeal from such a judgment allegations of the complaint must be deemed true. (*Johnson* v. *County of Los Angeles* (1983) 143 Cal.App.3d 298, 306 [191 Cal.Rptr. 704].) We assume Pickrel's back condition constitutes a physical handicap as defined in Government Code section 12926, subdivision (h) and Fair Employment and Housing Commission (FEHC) regulations (Cal. Code Regs., tit. 2, § 7293.6).

Government Code section 12940, subdivision (a) makes it an unlawful employment practice for an employer to discriminate against an employee for, among other things, a physical handicap, unless the handicap renders the employee unable to work without endangering her or other employees health or safety. An administrative procedure for handling such unlawful employment practices is provided for before the FEHC. If 150 days pass from the time such a complaint has been filed with FEHC and no action has been taken, the employee is entitled to file a civil action in the superior court. (Gov. Code, § 12965, subd. (b).) No action was taken by FEHC on Pickrel's complaint during the 150-day period.

The California Constitution vests the Legislature with plenary power to create a complete system of workers' compensation and to enforce liability on the part of employers for industrial injuries to their employees. Article XIV, section 4 of the California Constitution provides in pertinent part that a complete system of workers' compensation includes ". . . full provision for vesting power, authority and jurisdiction in an administrative body with all the requisite governmental functions to determine any dispute or matter arising under such legislation, to the end that the administration of such legislation shall accomplish substantial justice in all cases expeditiously, inexpensively, and without incumbrance of any character; all of which matters are expressly declared to be the social public policy of this State, binding upon all departments of the State government."

Pursuant to this constitutional mandate, the California Legislature has enacted a comprehensive workers' compensation system providing for a compulsory and exclusive scheme of employer liability without fault for injuries arising out of and in the course of employment (Cal. Workers' Compensation Practice (Cont.Ed.Bar 1985) § 1.3, p. 4). The system provides extensive remedies such as compensation for temporary disability, medical care, and permanent disability, as well as remedies for employer discrimination (§ 132a).

■ This statutory scheme of workers' compensation is "exclusive of all other statutory and common law remedies, and substitutes a new system of rights and obligations for the common law rules governing liability of employers for injuries to their employees." (*Graczyk* v. *Workers'*

*Comp. Appeals Bd.* (1986) 184 Cal.App.3d 997, 1003 [229 Cal.Rptr. 494, 58 A.L.R.4th 1245].)

Since its adoption a basic philosophy underlying the exclusivity of the workers' compensation system has been that an employer who has complied with the law by securing the payment of benefits through insurance should be immune from tort actions brought by injured workers. (1 Herlick, Cal. Workers' Compensation Law (3d ed. 1987) § 12.20, p. 428; *id.,* § 1.1, p. 2.)

Effective January 1, 1983, the Legislature amended sections 3600 and 3602, resulting in the current statutory exclusive remedy rule. This rule is based on the "quid pro quo" of the workers' compensation scheme whereby the Legislature balanced the sacrifices and gains of employers and employees, employers accepting liability without fault to pay compensation to injured employees in exchange for exemption of the employers from civil actions by the employees for damages. (Cal. Workers' Damages Practice (Cont.Ed.Bar 1985) § 3.2, p. 41; 2A Larson's Workmen's Compensation Law (1987) § 65.11, p. 12-1 et seq.; see *Hisel* v. *County of Los Angeles* (1987) 193 Cal.App.3d 969, 974-975 [238 Cal.Rptr. 678].) This fundamental social compromise had been embodied in the workers' compensation law when it was codified in 1937.[3]

Section 132a provides in pertinent part: "It is the declared policy of this state that there should not be discrimination against workers who are injured in the course and scope of their employment. [¶] (1) Any employer who discharges, or threatens to discharge, or in any manner discriminates against any employee because he or she has filed or made known his or her intention to file an application for adjudication with the appeals board, or because the employee has received a rating, award, or settlement, is guilty of a misdemeanor and the employee's compensation shall be increased by one-half, but in no event more than ten thousand dollars ($10,000), together with costs and expenses not in excess of two hundred fifty dollars ($250).

---

[3] Section 3600 provides in pertinent part: "(a) Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person . . . shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment . . . in those cases where the following conditions of compensation concur: [¶] (1) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division. [¶] (2) Where, at the time of the injury, the employee is performing service growing out of and incidental to his or her employment and is acting within the course of his or her employment. [¶] (3) Where the injury is proximately caused by the employment, either with or without negligence."

Section 3602 provides in pertinent part: "(a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is . . . the sole and exclusive remedy of the employee . . . against the employer, and the fact that either the employee or the employer also occupied another or dual capacity prior to, or at the time of, the employee's industrial injury shall not permit the employee . . . to bring an action at law for damages against the employer."

Any such employee shall also be entitled to reinstatement and reimbursement for lost wages and work benefits caused by the acts of the employer."

The Supreme Court held that section 132a applies to all employer actions which in any manner discriminate against an industrially injured employee. (*Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 667 [150 Cal.Rptr. 250, 586 P.2d 564].) The court concluded that section 132a serves a remedial function by providing compensation to an aggrieved worker for discrimination incurred as a result of the worker's injury. "The policy of protection which the workers' compensation laws declare can only be effectuated if an employer may not discharge an employee because of the employee's absence from his job as the consequence of an injury sustained in the course and scope of employment." (*Id.*, at p. 669.)

■ The Workers' Compensation Appeals Board (WCAB) has broad authority over the civil aspects of section 132a, having jurisdiction to try and determine all matters specified in the section subject only to judicial review. (1 Herlick, Cal. Workers' Compensation Law, *supra*, § 11.27, pp. 388-389.)

Additionally section 5300 provides in pertinent part: "All the following proceedings shall be instituted before the appeals board and not elsewhere . . . . [¶] (a) For the recovery of compensation, or concerning any right or liability arising out of or incidental thereto." Pickrel's suit was brought to recover compensation based on allegations of discrimination because of having sustained an industrial injury.

The Workers' Compensation Act has been frequently held to be the exclusive remedy in situations to which it applies. (See *Continental Casualty Co.* v. *Superior Court* (1987) 190 Cal.App.3d 156, 161 [235 Cal.Rptr. 260].) In *Portillo* v. *G.T. Price Products, Inc.* (1982) 131 Cal.App.3d 285 [182 Cal.Rptr. 291], the court held that the exclusive remedy for a worker discharged in retaliation for exercising workers' compensation rights was a claim before the WCAB. It held that since section 132a specifically addressed the problem of wrongful discharge for discrimination for the exercise of workers' compensation remedies, the exclusive jurisdiction within which the employee may pursue a claim was before the WCAB. The *Portillo* reasoning applies to a discharge for a physical injury.

Section 132a specifically deals with workers who are discriminated against by reason of an injury sustained in the course and scope of employment. A finding by the WCAB of discrimination under section 132a of an employee injured on the job could result in an order returning the employee to work, reimbursement of lost wages and work benefits and an increase of the employee's compensation by one-half up to a maximum of $10,000. (*Jordan* v. *Workers' Comp. Appeals Bd.* (1985) 175 Cal.App.3d 162 [220

Cal.Rptr. 554]; *County of Santa Barbara* v. *Workers' Comp. Appeals Bd.* (1980) 109 Cal.App.3d 211, 214-216 [167 Cal.Rptr. 65].)

The *Portillo* case is consonant with the trend of recent decisions ". . . to narrow the range of exceptions to exclusivity, an approach also reflected in the legislative intent behind Labor Code, section 3602, subdivision (a) . . . and section 3602, subdivision (b) . . . . Curtailing the exceptions to exclusivity benefits both employers and employees within the system, by keeping down the costs of compensation insurance and preserving the low cost, efficiency and certainty of recovery which characterizes workers' compensation." (*Continental Casualty Co.* v. *Superior Court* (1987) 190 Cal.App.3d 156, 162 [235 Cal.Rptr. 260].)

Although section 132a is not in Division 4 of the Labor Code, it is a remedial statute providing for increased compensation upon employer discrimination and has broad application. (*Judson Steel Corp.* v. *Workers' Comp. Appeals Bd., supra,* 22 Cal.3d at p. 668; see *Morehouse* v. *Workers' Comp. Appeals Bd.* (1984) 154 Cal.App.3d 323, 329 [201 Cal.Rptr. 154].)

■ We agree with respondent that Pickrel's complaint is a classic illustration of a section 132a claim for employer discrimination and her exclusive remedy is before the WCAB. (Cf., *Judson Steel Corp.* v. *Workers' Comp. Appeals Bd., supra,* 22 Cal.3d 658; *Jordan* v. *Workers' Comp. Appeals Bd., supra,* 175 Cal.App.3d 162; *Morehouse* v. *Workers' Comp. Appeals Bd., supra,* 154 Cal.App.3d 1104; *County of Santa Barbara* v. *Workers' Comp. Appeals Bd., supra,* 109 Cal.App.3d 211; *Western Electric Co.* v. *Workers' Comp. Appeals Bd.* (1979) 99 Cal.App.3d 629 [160 Cal.Rptr. 436].)

The order of dismissal is affirmed.

Stone (S. J.), P. J., and Gilbert, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 3, 1989. Lucas, C. J., did not participate therein. Arguelles, J.,* and Anderson, J.,† participated therein. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairperson of the Judicial Council.

†Assigned by the Chairperson of the Judicial Council.