[No. A057226. First Dist., Div. One. Dec. 14, 1993.]

BEVERLY USHER, Plaintiff and Appellant, v.
AMERICAN AIRLINES, INC., Defendant and Respondent.

**COUNSEL**

Oreck & Oreck and Eugene R. Oreck for Plaintiff and Appellant.

Haight, Brown & Bonesteel, George Christensen, Roy G. Weatherup, Neil G. McNiece and Caroline E. Chan for Defendant and Respondent.

## Opinion

**DOSSEE, J.**—Beverly Usher appeals from a judgment entered on a motion for summary adjudication in favor of American Airlines, Inc. (American). We conclude that appellant's causes of action for breach of contract and handicap discrimination were subject to the exclusive remedy provisions of the California workers' compensation law and were properly dismissed.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 27, 1984, appellant became temporarily disabled as a result of an industrial injury to her back and knee. At that time, she was working for American as an airport operations agent. She was able to continue working in that position until September 4, 1984, when the job was eliminated. Appellant was transferred to the job of ticket agent, but her July injury prevented her from performing the lifting activities required by the job. Appellant attempted to find another job with American, but was unsuccessful.

On November 24, 1986, appellant filed a petition pursuant to Labor Code section 132a with the Workers' Compensation Appeals Board. In that petition, she alleged that she was unable to do her old job because of the work injury to her back and knee, and that she attempted to obtain an alternate position with American but was unable to do so because American failed to notify her of open positions and failed to hire her for positions which she was capable of performing. She requested lost wages, reinstatement, and a penalty.[1]

On August 26, 1987, appellant filed a complaint in superior court comprised of two unlabeled causes of action. The first cause of action alleged the existence of an express and implied policy that the employer would make a good faith attempt to reinstate her if she became disabled due to a work injury. This cause of action requested damages for breach of this implied and

---

[1]Unless otherwise indicated, all statutory references are to the Labor Code. Section 132a provides for a remedy in the case of "discrimination against workers who are injured in the course and scope of their employment." The statute provides for a penalty of an increase in the employee's compensation by one-half, up to $10,000, as well as reinstatement and reimbursement for lost wages and work benefits. It has been construed to apply to all employer discrimination against workers injured in the course and scope of their employment. (*Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 668 [150 Cal.Rptr. 250, 586 P.2d 564] [employer violated section 132a by revoking seniority rights and terminating employee absent from work due to industrial injury].)

express promise consisting of lost earnings and work benefits, damages for mental distress, and punitive damages.[2]

The second cause of action alleged that the acts of the employer constituted an arbitrary termination and breach of an implied duty to deal fairly with appellant. American filed an answer, denying the allegations of the complaint and setting out the exclusive remedy provisions as a defense. On June 7, 1989, the Workers' Compensation Appeals Board approved a compromise and release of appellant's workers' compensation claim.[3]

On December 13, 1991, American filed a motion for summary adjudication of issues.[4] American supported its motion with appellant's 132a petition, the order approving the compromise and release, and answers to interrogatories which stated that the allegations of failure to reinstate her were based on handicap discrimination and breach of the contract to reinstate her to a job she was able to perform. Appellant responded with her own separate statement of undisputed facts stating that she became physically handicapped as a result of a work-related injury, that she was not reinstated due to handicap discrimination and "breach of contract separate and apart from defendant's discrimination based upon physical handicap arising out of her industrial injury." Appellant also stated that her claim that she was arbitrarily terminated was based on theories of breach of contract and handicap discrimination.[5] Appellant sought leave to amend the complaint to add an explicit cause of action for handicap discrimination.

At the hearing on American's motion, counsel for appellant told the court that he had intended for the first cause of action to state a breach of contract claim and the second cause of action to state a claim for constructive termination as a result of handicap discrimination and breach of contract. Counsel told the court that the facts in the complaint also supported a cause of action for violation of the Fair Employment and Housing Act (FEHA). (Gov. Code, § 12900 et seq.) Although the court did not allow amendment to add the handicap discrimination cause of action, the court's order granting American's motion cited *Pickrel* v. *General Telephone Co.* (1988) 205

---

[2]Appellant concedes that following *Foley* v. *Interactive Data Corp.* (1988) 47 Cal.3d 654 [254 Cal.Rptr. 211, 765 P.2d 373], she is not entitled to punitive damages for her contract claim.

[3]No details of the compromise have, been provided.

[4]Although the motion was captioned as one for summary adjudication of issues, it actually sought summary judgment in that it requested the court to dismiss both causes of action of the complaint.

[5]At oral argument of this appeal, the parties agreed that appellant was never terminated and has been reinstated to another job. Thus, it is apparently conceded that this is not a wrongful termination case.

Cal.App.3d 1058 [252 Cal.Rptr. 878], which involved physical handicap discrimination.

The court granted American's motion, which disposed of all causes of action, and dismissed the complaint. Judgment was entered for American. Appellant appeals from that judgment, which disposed of all causes of action in the complaint.

## DISCUSSION

The parties have treated the complaint as though it alleges a cause of action for handicap discrimination under the FEHA and a cause of action for breach of contract. We will do the same. (*FPI Development, Inc.* v. *Nakashima* (1991) 231 Cal.App.3d 367, 385 [282 Cal.Rptr. 508] [where parties assume a particular cause of action was stated, neither can change theories on appeal].) We exercise independent judgment when reviewing a summary judgment because only issues of law are raised. (*AARTS Productions, Inc.* v. *Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1064 [225 Cal.Rptr. 203].)

*Handicap Discrimination and Exclusive Remedy*

Section 3602 provides that "[w]here the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is . . . the sole and exclusive remedy of the employee or his or her dependents against the employer . . . ."[6] In *Shoemaker* v. *Myers* (1990) 52 Cal.3d 1 [276 Cal.Rptr. 303, 801 P.2d 1054], the Supreme Court discussed a number of situations in which the exclusive remedy provisions do not apply. Thus, when a case does not involve an industrial personal injury or death, the workers' compensation statutes do not bar a civil action. (*Id.*, at p. 16.) Other exceptions include conduct outside the proper role of an employer, and where the employee's injury is not viewed as a risk of the employment, such as injuries to one's reputation. (*Ibid.*)

In the wrongful termination context, the *Shoemaker* court concluded that disabling injuries resulting from termination of employment are subject to the exclusive remedy provisions unless there is "an express or implied statutory exception or the discharge results from risks reasonably deemed not to be within the compensation bargain." (52 Cal.3d at p. 7.) The injury

---

[6]The conditions of compensation listed in section 3600 essentially require an injury to a covered employee which occurs at the time "the employee is performing service growing out of and incidental to his or her employment and is acting within the course of his or her employment" and the injury is proximately caused by the employment.

claimed by the employee in *Shoemaker* was primarily emotional distress, caused by harassment and termination following the employee's reporting of illegal practices of his superiors.

Regarding the employee's claim for termination in violation of Government Code section 19683, the "whistleblower" statute, the *Shoemaker* court analyzed the relationship between the exclusive remedy provisions and the statute. The court found that when coverage by both statutes is possible, examination of the narrow goals of the "whistleblower" law indicated that it was the more specific law, which, under the " 'general statute, specific statute' " rule of construction, would prevail over the more general goals of the Workers' Compensation Act. The court found that the narrow purpose of the "whistleblower" act suggested that the Legislature intended an additional remedy or the statute would be rendered meaningless. (52 Cal.3d at pp. 21-22.) Thus, the "whistleblower" remedy would apply even if violation resulted in damages for personal injury that would normally be covered by the workers' compensation system. (*Id.*, at p. 22.)

■ Arguing by analogy to *Shoemaker*, appellant claims that both the handicap discrimination provisions of FEHA and the antidiscrimination provisions of section 132a are applicable to her injury and that an analysis of the purposes of both indicates that by enacting FEHA the Legislature intended to provide additional remedies for injured workers.[7] The analysis employed in *Shoemaker* does not support appellant's claim.

The FEHA was enacted to protect the right to "seek, obtain, and hold employment without discrimination" on specified grounds.[8] (Gov. Code, § 12920.) The statute expressly states that it is not an exclusive remedy and is not to be "deemed to repeal any of the provisions of the Civil Rights Law or any other law of this state relating to discrimination . . . ." (Gov. Code,

---

[7]Appellant cites *Hartman* v. *Mathis & Bolinger Furniture Company Inc.* (review dism. Apr. 1, 1993 (S021903)), and argues that it may be cited despite the dismissal of review and remand by the Supreme Court. Appellant is incorrect, as the Supreme Court declined to order the case published after review was dismissed. (Cal. Rules of Court, rules 976(d), 977(a).) Contrary to appellant's argument, the case is not authority under the doctrine of the law of the case, which applies only to appellate opinions in the same case. (9 Witkin, Cal. Procedure (3d ed. 1985) Appeal, § 738, p. 707.)

The parties have not briefed or argued there is any potential applicability of the 1992 amendments to the FEHA (Gov. Code, § 12920 et seq.) that bring it into conformity with the federal Americans with Disabilities Act, or the 1990 federal act itself (42 U.S.C. § 12101 et seq.). The parties agree that no issue regarding that legislation is before us.

[8]Prior to the 1992 amendments to the act, the specified grounds were race, religious creed, color, national origin, ancestry, physical handicap, medical condition, marital status, sex, or age. (§ 12921) The 1992 amendment changed "physical handicap" to "physical disability, mental disability . . . ."

§ 12993, subd. (a).) The Legislature was presumably aware of the exclusivity provisions of the Workers' Compensation Act when it passed the FEHA, yet disclaimed any intent to repeal this preexisting exclusive remedy for a particular type of discrimination. Section 132a only applies to discrimination against workers who are injured in the course and scope of their employment. This is a more narrow purpose than that of the FEHA, which provides redress for all types of job discrimination, regardless of the existence of physical injury or an employer-employee relationship. (*State Comp. Ins. Fund* v. *Workers' Comp. Appeals Bd.* (1976) 59 Cal.App.3d 647, 654 [130 Cal.Rptr. 831] [workers' compensation act predicated on employer-employee relationship].) We find that in circumstances such as the instant case, where the employment injury causes the disability on which the discrimination claim is based, the exclusive remedy provisions of the Workers' Compensation Act apply.

Other courts have come to the same conclusion. For example, in *County of Santa Barbara* v. *Workers' Comp. Appeals Bd.* (1980) 109 Cal.App.3d 211, 215 [167 Cal.Rptr. 65], the court agreed with the following finding of a workers' compensation judge: " '[A] reduction in status, as well as pay post-injury, entirely because of the disability caused by the injury, is a discrimination protected against by Labor Code Section [132a]. . . .' " In *Meninga* v. *Raley's, Inc.* (1989) 216 Cal.App.3d 79, 88 [264 Cal.Rptr. 319], the court stated that the workers' compensation law "is not designed to combat employment discrimination, *except in the case of employers who discriminate against industrially injured employees who exercise workers' compensation remedies.* (See Lab. Code, § 132a.)" (Italics added.) In *Pickrel* v. *General Telephone Co., supra,* 205 Cal.App.3d 1058, the plaintiff sustained an industrial injury, recovered on her workers' compensation claim, and filed a civil action alleging that she was terminated and not rehired because of physical handicap discrimination in violation of FEHA. The plaintiff's complaint alleged that the employer failed to make reasonable accommodations to allow her to work in another position. (*Id.,* at p. 1060.) The *Pickrel* court considered the FEHA and the section 132a remedies and concluded that the complaint was "a classic illustration of a section 132a claim for employer discrimination and her exclusive remedy is before the WCAB. [Citations.]" (205 Cal.App.3d at p. 1064.)

In *Fortner* v. *Safeway Stores, Inc.* (1991) 229 Cal.App.3d 542 [280 Cal.Rptr. 409], an employee was suspended for wearing sandals to work on the ground that the sandals violated safety standards. The employee filed a complaint alleging discrimination in violation of the FEHA, claiming that the sandals were the only shoes she could wear at work to alleviate her "painful feet" condition. The court upheld a summary judgment, stating that

section 132a was the plaintiff's exclusive remedy for this instance of physical handicap discrimination.

Similarly, in *Denney* v. *Universal City Studios, Inc.* (1992) 10 Cal.App.4th 1226 [13 Cal.Rptr.2d 170], the court upheld summary adjudication of a claim of handicap discrimination on exclusive remedy grounds. The plaintiff alleged that he was injured on the job and that the employer subsequently refused to reinstate him following the injury because of handicap discrimination. The court noted that our Supreme Court has broadly construed section 132a "as providing a remedy for all kinds of what may be termed 'employer handicap discrimination' where the handicap arises under compensable circumstances. [Citation.]" (10 Cal.App.4th at p. 1235.) The court noted that since the decision in *Pickrel* v. *General Telephone Co., supra,* 205 Cal.App.3d 1058, other courts have distinguished between types of discrimination that are not addressed by section 132a. Thus, sex discrimination (*Meninga* v. *Raley's, Inc., supra,* 216 Cal.App.3d 79), race discrimination (*Watson* v. *Department of Rehabilitation* (1989) 212 Cal.App.3d 1271 [261 Cal.Rptr. 204]), religious discrimination (*Goldman* v. *Wilsey Foods, Inc.* (1989) 216 Cal.App.3d 1085 [265 Cal.Rptr. 294]), and retaliation for trying to prevent sexual harassment (*Flait* v. *North American Watch Corp.* (1992) 3 Cal.App.4th 467 [265 Cal.Rptr. 294]) are all considered wrongs that fall outside of the "risk reasonably encompassed within the compensation bargain" as described in *Shoemaker* v. *Myers, supra,* 52 Cal.3d at page 16. The *Denney* court agreed with the *Pickrel* decision "both on its own terms and in light of later developments." (*Denney* v. *Universal City Studios, Inc., supra,* 10 Cal.App.4th at p. 1235.)

Appellant's complaint alleges the same facts as were alleged in her section 132a petition. She is seeking damages which are available under the workers' compensation system for discrimination based on a work injury. This type of discrimination is expressly covered by section 132a, and pursuant to the exclusive remedy provision of section 3602, she is barred from bringing a civil action for discrimination based on the same injury. The trial court was correct in entering judgment on the handicap discrimination cause of action.

*Breach of Contract*

■ Relying solely on the opinion of another panel of this court, in *Pichon* v. *Pacific Gas & Electric Co.* (1989) 212 Cal.App.3d 488 [260 Cal.Rptr. 677], appellant argues that when an employer's conduct causes physical disability and breaches an implied employment contract, a separate action may be brought to recover economic damages for the breach of

contract claim. Appellant states that her work injury triggered a contractual duty on the part of the employer to make good faith efforts to reinstate her. We do not read *Pichon* so broadly as to allow a separate action whenever an employee alleges that a work injury also resulted in a breach of contract.

The facts in the *Pichon* case were very different from those of the instant case. The plaintiff in *Pichon* was harassed by his supervisor until he became emotionally distraught. He was suspended from work and referred for psychological evaluation. When he returned to work, the employer suppressed a medical recommendation for crisis intervention psychotherapy and told appellant that doctors found him able to work. Plaintiff returned to work, and persisted in his earlier assertion that a bridge design submitted by a supervisor was unsafe. Plaintiff was then fired for insubordination. Plaintiff sought damages for emotional distress and economic damages for wrongful discharge. The court found that the Workers' Compensation Act was the exclusive remedy for the emotional harm suffered, but concluded that "[e]conomic or contract damages incurred *independent of any disability* cannot logically be included in the concept of 'injury' in the sense of 'personal injury or death.'" (212 Cal.App.3d at p. 501, italics added.) The court noted that the crucial question was not the label of the cause of action, but the nature of the underlying injury for which the employee seeks recovery. "'[When] the essence of the wrong is personal physical injury or death, the action is barred by the exclusiveness clause no matter what its name or technical form . . . .' [Citation.]" (*Ibid.*)

The plaintiff in *Pichon* was fired for disagreeing with his supervisor, and injuries to his psyche followed. He was not terminated because of any physical or mental disability. Appellant claims that she was not allowed to work because of her industrially caused disability. This conduct was the basis for the 132a claim. Appellant has incurred no damages independent of the compensable workers' compensation claim. By her complaint and answers to interrogatories, she has admitted that the damages suffered were derived from discrimination based on an industrial injury and that she was disabled throughout the entire period of discrimination. The essence of this wrong is a personal injury sustained at work and lost wages because of the employer's discrimination against her due to her industrial injury. These matters are governed by the Workers' Compensation Act. Appellant cannot avoid the exclusive remedy provision by labeling this cause of action as breach of a contract. Unlike the plaintiff in *Pichon*, appellant can point to no damages that are not recoverable under section 132a. The contract cause of action is also barred by the Workers' Compensation Act.

The judgment is affirmed.

Strankman, P. J., and Newsom, J., concurred.

Appellant's petition for review by the Supreme Court was denied March 31, 1994.