[No. A062957. First Dist., Div. Five. June 3, 1994.]

JACQUELINE LANGRIDGE, Plaintiff and Appellant, v.
OAKLAND UNIFIED SCHOOL DISTRICT et al., Defendants and
Respondents.

## COUNSEL

Winslow & Fassler, Priscilla S. Winslow, Martin Fassler and Catherine Porter for Plaintiff and Appellant.

Jane Bond Moore and Peter N. Hagberg for Defendants and Respondents.

## OPINION

KING, J.—

## I. INTRODUCTION

In this case we hold that claims against an employer under the Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.) for physical disability discrimination based on a work-related injury are preempted by the exclusive remedy provisions of the workers' compensation law (Lab. Code, §§ 3600, 3601, 3602).

## II. BACKGROUND

Jacqueline Langridge was employed by the Oakland Unified School District. In October 1988, she sustained a work-related injury which resulted in temporary total disability. In December 1990, a workers' compensation judge made a finding of 53 percent permanent disability and awarded her permanent disability indemnity.

In November 1988, Langridge informed the school district she wished to return to work, asserting she was able to perform the essential functions of her job with reasonable accommodation. (See Gov. Code, § 12940, subd. (a)(1) & (a)(2).) She was not reinstated, however, until March 1991. Langridge sued the school district under the FEHA, claiming physical disability

discrimination. (Gov. Code, § 12940.) The school district demurred, asserting the action was barred by workers' compensation exclusivity. The court sustained the demurrer and rendered an order of dismissal.

## III. DISCUSSION

■ Labor Code section 132a prescribes increased workers' compensation remedies for any discrimination against an employee based on a work-related injury. (*Judson Steel Corp.* v. *Workers' Comp. Appeals Bd.* (1978) 22 Cal.3d 658, 666-668 [150 Cal.Rptr. 250, 586 P.2d 564].) An employee who is the victim of such discrimination is entitled to a 50 percent increase in compensation up to $10,000, an award of costs and expenses up to $250, and reinstatement and reimbursement for lost wages and work benefits. (Lab. Code, § 132a, subd. (1).)

Is Labor Code section 132a the *only* state remedy for discrimination based on a work-related injury, to the exclusion of the FEHA? As of 1992, the courts uniformly answered this question affirmatively. (*Denney* v. *Universal City Studios, Inc.* (1992) 10 Cal.App.4th 1226, 1235 [13 Cal.Rptr.2d 170]; *Fortner* v. *Safeway Stores, Inc.* (1991) 229 Cal.App.3d 542, 547-548 [280 Cal.Rptr. 409]; *Pickrel* v. *General Telephone Co.* (1988) 205 Cal.App.3d 1058, 1063-1064 [252 Cal.Rptr. 878].)

■ However, in a series of decisions culminating in *Gantt* v. *Sentry Insurance* (1992) 1 Cal.4th 1083 [4 Cal.Rptr.2d 874, 824 P.2d 680], the California Supreme Court established a general standard that the exclusive remedy provisions of the workers' compensation law do not apply to employer conduct that does not constitute a "risk reasonably encompassed within the [workers'] compensation bargain." (*Id.* at p. 1100; *Shoemaker* v. *Myers* (1990) 52 Cal.3d 1, 16 [276 Cal.Rptr. 303, 801 P.2d 1054]; see *Cole* v. *Fair Oaks Fire Protection Dist.* (1987) 43 Cal.3d 148, 159, 161 [233 Cal.Rptr. 308, 729 P.2d 743].) The theory of the workers' compensation bargain, supporting the exclusive remedy rule, is that ". . . the employer assumes liability for industrial personal injury or death without regard to fault in exchange for limitations on the amount of that liability. The employee is afforded relatively swift and certain payment of benefits to cure or relieve the effects of industrial injury without having to prove fault but, in exchange, gives up the wider range of damages potentially available in tort." (*Shoemaker* v. *Myers, supra*, 52 Cal.3d at p. 16.)

The *Denney, Fortner* and *Pickrel* decisions did not analyze the FEHA preemption issue within the framework of the compensation bargain theory. Two recent decisions, however, have done so and have reached the same

conclusion, holding that discrimination based on a work-related physical disability is a risk included in the compensation bargain, so that a FEHA cause of action based on such discrimination is preempted by the exclusive remedy provisions of the workers' compensation law. (*Angell* v. *Peterson Tractor, Inc.* (1994) 21 Cal.App.4th 981 [26 Cal.Rptr.2d 541]; *Usher* v. *American Airlines, Inc.* (1993) 20 Cal.App.4th 1520 [25 Cal.Rptr.2d 335].)

The court in *Angell* reasoned that because the Legislature, through Labor Code section 132a, specifically placed work-related disability discrimination within the scope of the workers' compensation law, such conduct is within the scope of the compensation bargain. (*Angell* v. *Peterson Tractor, Inc.*, *supra*, 21 Cal.App.4th at pp. 995-996.) The *Angell* court also reasoned, as did the court in *Usher*, that section 132a controls because it is more specific than the FEHA. The former provides remedies for a specific type of discrimination—based on work-related injuries—while the latter proscribes all employment discrimination based on a physical handicap, whether or not work related. (*Angell* v. *Peterson Tractor, Inc.*, *supra*, 21 Cal.App.4th at p. 995; *Usher* v. *American Airlines, Inc.*, *supra*, 20 Cal.App.4th at p. 1526; cf. *Shoemaker* v. *Myers*, *supra*, 52 Cal.3d at pp. 21-22 [specific "whistleblower" protection statute controlled over general workers' compensation law].) We find this reasoning persuasive.

In *Angell*, a dissenting justice argued that the remedies provided by Labor Code section 132a do not fit within the "metaphorical paradigm" of the workers' compensation bargain because, "Under Labor Code section 132a, the employee must still prove fault—it cannot be assumed that every dismissed employee with a work-related physical handicap was fired for that reason—and as a consequence payment is neither swift nor certain." (*Angell* v. *Peterson Tractor, Inc.*, *supra*, 21 Cal.App.4th at p. 998 (dis. opn. of Raye, J.).) There is logic to this argument. An employee claiming discrimination must prove detrimental conduct *as a result* of the industrial injury in order to obtain the remedies provided by section 132a. (*Barns* v. *Workers' Comp. Appeals Bd.* (1989) 216 Cal.App.3d 524, 531 [266 Cal.Rptr. 503]; *Smith* v. *Workers' Comp. Appeals Bd.* (1984) 152 Cal.App.3d 1104, 1109 [199 Cal.Rptr. 881].) This implies an element of fault by the employer. (See *Leamon* v. *Workers' Comp. Appeals Bd.* (1987) 190 Cal.App.3d 1409, 1414-1415 [235 Cal.Rptr. 912] [no discrimination under Lab. Code, § 132a where employer did not know that employee's absences were caused by industrial injury].) This is theoretically inconsistent with the workers' compensation bargain, which has a no-fault basis.

 Nevertheless, by analogy to a similar provision in the workers' compensation law, we must conclude that the element of fault in Labor Code

section 132a does not take work-related disability discrimination outside the scope of the compensation bargain. Labor Code section 4553 prescribes increased workers' compensation remedies—a 50 percent increase in compensation and an award of costs and expenses up to $250—where an employee "is injured by reason of the serious and willful misconduct" of the employer. Yet such misconduct, even if intentional, may still constitute a normal part of the employment relationship and fall within the scope of the compensation bargain, so that it is covered by workers' compensation exclusivity. (*Livitsanos* v. *Superior Court* (1992) 2 Cal.4th 744, 752 [7 Cal.Rptr.2d 808, 828 P.2d 1195].) Serious and willful misconduct, like work-related disability discrimination, is fault based. If the former can fall within the scope of the compensation bargain despite its fault basis, then we are compelled to reach the same conclusion as to the latter.[1]

Langridge argues that application of workers' compensation exclusivity makes the FEHA's proscription against disability discrimination (Gov. Code, § 12940, subd. (a)) a "totally idle act." Not so. The FEHA proscription still applies to all disability discrimination that is not based on work-related injuries. Langridge also argues it violates equal protection to treat persons with work-related disabilities differently from those with non-work-related disabilities. It is settled, however, that the workers' compensation laws, which create this distinction, do not violate equal protection. (*Nelson* v. *Metalclad Insulation Corp.* (1975) 44 Cal.App.3d 474, 477 [118 Cal.Rptr. 725].)

Finally, Langridge contends, for the first time in her reply brief, that FEHA preemption violates the supremacy clause of the United States Constitution (U.S. Const., art. VI, cl. 2) because such preemption is an

---

[1]In the California Supreme Court's most recent decision on workers' compensation exclusivity, *Fermino* v. *Fedco, Inc.* (1994) 7 Cal.4th 701 [30 Cal.Rptr.2d 18, 872 P.2d 559], the court held that a civil suit for false imprisonment of an employee suspected of stealing the proceeds of a retail sale was not barred because the tort of false imprisonment involves criminal conduct and for that reason is outside the workers' compensation bargain. In contrast, physical disability discrimination is not a criminal offense; various civil penalties and fines are prescribed by Government Code section 12970. On that basis, the present case is distinguishable from *Fermino*. The *Fermino* opinion also reiterates that employer conduct which violates public policy, such as sexual or racial discrimination, is outside the compensation bargain. (7 Cal.4th at p. 715.) A plausible argument can be made that physical disability discrimination, like sexual or racial discrimination, violates public policy. Nevertheless, the present case involves a peculiar situation, where the type of discrimination at issue is specifically covered by a provision of the workers' compensation law, Labor Code section 132a, which prescribes increased remedies for discrimination based on a work-related injury. This state of affairs takes the present case outside the general public policy language in *Fermino*. Despite the apparent public policy against physical disability discrimination, the Legislature has, through Labor Code section 132a, placed work-related disability discrimination within the scope of the compensation bargain.

obstacle to the antidiscrimination objectives of the federal Americans With Disabilities Act (ADA) (42 U.S.C. § 12101 et seq.). The ADA forbids employment discrimination by "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability who is an applicant or employee . . . ." (42 U.S.C. § 12112(b)(5)(A).) Langridge relies on *Smith* v. *Alum Rock Union Elementary School Dist.* (1992) 6 Cal.App.4th 1651 [8 Cal.Rptr.2d 399], where the court invalidated Education Code section 23902, which permitted the involuntary retirement of individuals age 60 and older who become disabled, to the extent it conflicted with the federal Age Discrimination in Employment Act, which forbids a bona fide employee benefit plan from requiring or permitting the involuntary retirement of an individual on the basis of age (29 U.S.C. § 623(f)). But in the present case, unlike in *Smith*, there is no conflict with federal law. The effect of workers' compensation exclusivity is not to *permit* work-related disability discrimination in conflict with the ADA, but to *forbid* such discrimination, as does the ADA. The exclusivity rule simply defines and restricts the *state* remedies that are available. The supremacy clause precludes any state restriction on the remedies provided by the ADA, but Langridge has proceeded only under the FEHA, not the ADA, and thus the supremacy clause is not implicated.

We conclude the court properly sustained the demurrer and dismissed Langridge's FEHA action because it was preempted by the exclusive remedy provisions of the workers' compensation law.

IV. DISPOSITION

The order is affirmed.

Peterson, P. J., and Haning, J., concurred.