**Lois M. WOOD, Plaintiff,**

v.

**COUNTY OF ALAMEDA,
et al., Defendants.**

**No. C 94–1557 TEH.**

United States District Court,
N.D. California.

Jan. 30, 1995.

Andrew Thomas Sinclair, Oakland, CA, for plaintiff.

Lois M. Wood, pro se.

Jerome D. Young, Mullen & Filippi, San Francisco, CA, for defendants.

## ORDER

THELTON E. HENDERSON, Chief Judge.

The above-captioned matter came before the Court on January 9, 1995 for oral argument on defendant County of Alameda's ("County's") motion for judgment on the pleadings. Having carefully considered the oral and written arguments submitted by the parties, and good cause appearing, the Court DENIES defendant's motion for the reasons explained below.

## I. BACKGROUND

The facts relevant to the resolution of the instant motion are not in dispute. Plaintiff is a former employee of County who suffered an injury in 1992 while on the job. Subsequently, plaintiff became disabled and filed for benefits under California's workers' compensation statute as a result of her injury. Some time later, plaintiff was cleared by her

physician to return to work. Despite this clearance, however, plaintiff was not returned to her formerly held position or a comparable position with the County. Plaintiff alleges that the County's actions represent a denial of "reasonable accommodation" to a "qualified individual with a disability" in violation of the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*

Defendant County moves for judgment on the pleadings on plaintiff's ADA claim on the ground that California's Workers' Compensation Act, California Labor Code § 3200 *et seq.*, provides the sole remedy for such claims.

## II. *LEGAL STANDARD*

[1–3] Under Federal Rule of Civil Procedure 12(c), judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *Hal Roach Studios, Inc. v. Richard Feiner and Co.*, 896 F.2d 1542, 1550 (9th Cir.1989). When Rule 12(c) is used to raise the defense of failure to state a claim, the motion faces the same test as a motion under Rule 12(b)(6). *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir.1988). On such a motion, the court must accept all material allegations in the complaint as true and indulge all reasonable inferences to be drawn from them, and must construe the complaint in the light most favorable to the plaintiff. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986).

## III. *DISCUSSION*

■ The sole question before the Court on defendant's motion for judgment on the pleadings is whether a provision in a state statute establishing workers' compensation payments as the exclusive remedy for certain injuries sustained on the job bars the plaintiff from bringing a simultaneous or subsequent claim under the ADA.[1] Defendant argues that California workers' compensation laws, specifically California Labor Code §§ 132a and 3200 *et seq.*, provide the sole remedy for, and deprive this Court of jurisdiction over, such claims. Defendant argues that these state provisions, which make recovery under the workers' compensation statute the exclusive remedy for work-related injuries, necessarily preclude recovery under other statutes, including the ADA.

Preliminarily, the Court notes that issues of the type raised in defendant's motion generally arise when plaintiffs seek to bring suit or obtain remedies under *state* laws in a manner which defendants argue is incompatible with prevailing federal law. *See, e.g., Silkwood v. Kerr–McGee Corp.*, 464 U.S. 238, 241–58, 104 S.Ct. 615, 617–26, 78 L.Ed.2d 443 (1984) (federal statute regulating handling and use of nuclear materials did not preempt plaintiff from claiming punitive damages under state law for defendant's mishandling of such materials); *Chmiel v. Beverly Wilshire Hotel Co.*, 873 F.2d 1283, 1286–87 (9th Cir. 1989) (federal labor law did not preempt plaintiff from bringing age discrimination claim under state law).

As explained above, however, the instant case presents a related but somewhat different question, in that the defendant essentially argues that a *state* law precludes the granting of relief sought by the plaintiff under *federal* law. While defendant wisely denies that its motion is based on a "reverse preemption" argument of the sort which would explicitly fly in the face of the Supremacy Clause, defendant's claim that the ADA by its terms should "defer" to state law unmistakably has elements in common with such an argument. Defendant reasons that because the state statute establishes the state remedy as exclusive, and because the federal statute states Congress' intent not to "invalidate or limit" such a statute, the federal statute must be denied effect to the extent that the granting of relief under the federal

1. In its papers, defendant also argued that the exclusive remedy provision of California's Workers' Compensation Act preempts plaintiff's claim under the California Fair Employment and Housing Act ("FEHA") in light of rulings to that effect in *Langridge v. Oakland Unified School District*, 25 Cal.App.4th 664, 31 Cal.Rptr.2d 34 (1994) and *Livitsanos v. Superior Court*, 2 Cal.4th 744, 7 Cal.Rptr.2d 808, 828 P.2d 1195 (1992). Plaintiff has apparently conceded this point and has entered a voluntary dismissal of her FEHA claim.

law would "invalidate" the exclusivity provision of the state law.

An analysis of the merit of defendant's position, therefore, requires the Court to resolve the following question: Did Congress intend the ADA to preempt state laws which contain exclusive remedy clauses, at least to the limited extent that such clauses cannot limit a plaintiff's pursuit of a cause of action under the ADA (even while expressly recognizing that a plaintiff may seek relief under *both* state statutes and the ADA)? Or did Congress intend the ADA to "defer" *entirely* to such state law exclusive remedy provisions, even if doing so would limit the scope of relief available to plaintiffs under the ADA? The answer to this question, which the Court believes to be a matter of first impression in the context of the relationship between the ADA and state workers' compensation statutes, must be determined through analysis of both the express language of the statute and the principles of preemption which control in cases in which federal and state laws may be incompatible.

### A. The Adams Fruit Framework

In *Adams Fruit Co. v. Barrett,* 494 U.S. 638, 110 S.Ct. 1384, 108 L.Ed.2d 585 (1990), the Supreme Court considered a question very similar to the one presented in the instant case: Did an exclusive remedy provision in a state workers' compensation law preclude migrant workers from bringing a cause of action under the Migrant and Seasonal Agricultural Worker Protection Act ("AWPA"), a federal statute whose coverage overlapped to an extent with that of the state law? The *Adams Fruit* Court held that the state exclusive remedy provision did not bar the plaintiffs from bringing a cause of action under the federal statute, reasoning that the AWPA "preempts state law to the limited extent that it does not permit States to supplant, rather than to supplement, AWPA's remedial scheme." 494 U.S. at 648–49, 110 S.Ct. at 1390. While, as explained below, the preemption issue is very much dependent on the particular language of the federal statute at issue, *Adams Fruit* provides an appropriate framework for resolving apparent conflicts between state exclusivity provisions and

federal laws. Accordingly, the Court finds that the analysis set out in *Adams Fruit* governs the question of whether plaintiff retains a cause of action under the ADA in the present case.

■ The *Adams Fruit* Court identified "two doctrinally related issues" as relevant to the determination of whether a federal right of action is withdrawn where state law establishes workers' compensation as an exclusive remedy:

> First we must decide whether, as a matter of statutory construction, [the federal statute] permits [plaintiffs] to pursue federal remedies under such circumstances. Second, if [the statute] permits simultaneous recovery under federal and state law, we must determine whether, under preemption principles, [the statute] precludes giving effect to state exclusivity provisions that purport to withdraw federal remedies. 494 U.S. at 642, 110 S.Ct. at 1387.

In other words, the *Adams Fruit* analysis requires a court to answer two related questions:

1) Does the federal statute explicitly or implicitly indicate that Congress intended the statute to defer to state law in situations like the one at issue?

2) If it does not, do preemption principles mandate that all or part of the state law be denied effect in light of Congress' intent in enacting the federal law?

The Court recognized that "[i]n either case, the issue turns on the language of the statute and, where the language is not dispositive, on the intent of Congress as revealed in the history and purposes of the statutory scheme." *Id.*

### B. The Framework Applied

1) *Is the ADA intended to allow plaintiffs to pursue federal remedies under the circumstances in the present case?*

In the "Findings and Purposes" section of the ADA, Congress expressed an unambiguous intent to create a federal framework for the enforcement of the rights of disabled persons:

It is the purpose of this chapter:

(1) to provide a clear and comprehensive *national* mandate for the elimination of discrimination against individuals with disabilities;

(2) to provide clear, strong, *consistent,* enforceable standards addressing discrimination against individuals with disabilities;

(3) to ensure that the *Federal Government plays a central role in enforcing the standards established in this chapter* on behalf of individuals with disabilities; and

(4) to *invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce,* in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b) (emphasis added).

■ In light of the clear and numerous indications that the express purpose of the enactment of the ADA was to guarantee individuals with disabilities a baseline level of protection through the establishment and enforcement of *federal* standards, defendant fights a very difficult uphill battle in claiming that Congress intended the ADA to "defer" to state statutes in any manner whatsoever. Under the first prong of the *Adams Fruit* analysis, Congress should be viewed as having intended that a federal statute defer to state law only where, "as a matter of statutory construction," the federal statute does not "*permit*[ ]" plaintiffs to pursue a federal remedy. 494 U.S. at 642, 110 S.Ct. at 1387 (emphasis added). In order to prevail on its claim that the ADA should defer to California's Workers' Compensation statute in the present instance, therefore, defendant must show that either the express language of the ADA or its statutory history and purposes demonstrate Congress' intent to *prohibit* plaintiffs from pursuing federal claims under these circumstances.

Defendant contends that § 12201(b) of the ADA, entitled "Relationship to other laws," explicitly conditions the availability of federal remedies under the ADA on the scope of coverage under certain state statutes. That section provides that:

Nothing in this chapter shall be construed to invalidate or limit the remedies, rights, and procedures of any ... [state] law ... that provides greater or equal protection for the rights of individuals with disabilities than are afforded by this chapter.

Defendant argues: 1) that § 132a of the California Workers' Compensation Act provides "greater or equal protection" than the ADA; 2) that permitting California plaintiffs, without regard for the state law exclusivity provision, to avail themselves of remedies under the ADA even where they also seek state workers' compensation benefits would "invalidate or limit" the workers' compensation statute; and 3) that, therefore, Congress intended the ADA to "defer" to the state law in this case, meaning that sole jurisdiction over such claims must lie in the California Workers' Compensation Board.

It is unnecessary to address the first argument raised by the defendant (whether or not the state law provides "greater or equal protection" than the ADA), because the defendant's claim that § 12201(b) reflects Congress' intent that the ADA defer to certain state statutes fundamentally misconstrues the language of that section. Viewed within the context of the ADA as a whole, § 12201(b) clearly reflects Congress' intent to ensure that plaintiffs are not denied the benefits of compatible state statutes on the ground that a federal statute precludes any cause of action under the state law. In other words, such provisions are designed to guarantee, in the words of the *Adams Fruit* Court, that "*simultaneous* recovery" is available under compatible state and federal statutes. The express purpose of such provisions, therefore, is to maximize the options available to plaintiffs by ensuring that federal statutes provide a "floor" for a plaintiff's rights and remedies while guaranteeing that such statutes never serve as a "ceiling" limiting the potentially greater scope of rights and remedies available under state law. *See Adams Fruit,* 494 U.S. at 647–48, 110 S.Ct. at 1389–90 (finding that language in federal statute which provided that statute "intended to supplement State law" and stated that "compliance with this chapter shall not excuse any person from compliance with appropriate State law and regulation" did not mandate displacement of federal remedy).

Giving to § 12201(b) the meaning which the Court must in light of Congress' unambiguously stated intent to guarantee a certain level of access to the protections created by the ADA, it becomes clear that it is immaterial whether the California statute provides "greater or equal" protection than the ADA because Congress did not intend the ADA to "defer" to *any* state statutes, regardless of the level of additional protection which those statutes provide. Rather, Congress intended to ensure that plaintiffs would never be denied the benefits of those state statutes which happen in fact to provide greater or equal protections than the ADA on the ground that the ADA "preempts" such statutes in their entirety.[2] The Court finds, therefore, that the language of § 12201(b) is the functional equivalent of the type of provision which the *Adams Fruit* Court found did not mandate deferral: namely, a statement that compliance with federal law does not excuse compliance with applicable state statutes which establish higher standards. Such a view of Congress' intent in enacting section § 12201(b) is wholly consistent with Congress' clearly stated objectives expressed elsewhere in the ADA.

The Court further notes that, as explained by the *Adams Fruit* Court, on those occasions when Congress *has* intended federal statutes to defer to state laws, it has proven itself fully capable of clearly and unambiguously expressing that intent in the language of the federal law. See *Adams Fruit*, at 644 n. 2, 110 S.Ct. at 1388 n. 2 (noting that "in other statutes, Congress has expressed clearly its intent to limit the availability of a federal remedy where a claimant has received workers' compensation benefits related to the same injury" and citing War Hazards Compensation Act, a statute which contains such a provision). For this reason, the Court is confident that, had Congress intended the ADA to defer in circumstances like those presented in the instant case, it would have so stated.

Viewed in light of these principles, it is clear that defendant's argument that the ADA by its terms mandates deferral to state exclusivity provisions must be rejected. The assurances in the ADA that that statute does not "limit or invalidate" certain state laws can be logically squared with the holding in *Adams Fruit* only by recognizing that such a provision is intended to ensure that plaintiffs can avail themselves of *both* the applicable rights and remedies under the ADA *and* complimentary state rights and remedies, not to abrogate the scope of rights available under the ADA in any fashion. It is evident that the "no limitation or invalidation" clause in § 12201(b) of the ADA has the same meaning as the provision analyzed in *Adams Fruit* which explained that compliance with relevant federal statutes does not excuse defendants from fulfilling their parallel obligations under other compatible state laws *as well.* For this reason, therefore, the Court finds that Congress did not intend the ADA to defer to the California workers' compensation law at issue here.

2) *Do preemption principles require that the exclusivity provision be denied effect in this situation?*

Under *Adams Fruit*, once a court finds that the ADA does not by its terms defer to state law such as the workers' compensation statute at issue here, it must determine whether preemption principles preclude giving effect to state exclusivity provisions which purport to withdraw federal remedies. Where such provisions are incompatible with the federal statute, they must be denied effect.

 Under the Supremacy Clause contained in Article VI of the Constitution, state law is preempted "to the extent it actually conflicts with federal law . . ., or where the state law stands as an obstacle to the accomplishment of the full purposes and objectives of Congress." *Silkwood v. Kerr–McGee*

---

**2.** The legislative history of the ADA contains additional clear evidence that § 12201(b) reflects Congress' intent to ensure that the ADA *not preempt* certain aspects of other statutes, rather than any intent to have the ADA *defer* to such statutes. *See* House Report 101–485(III) at 70 (explaining that under the ADA, "all of the rights, remedies and procedures that are available to people with disabilities under . . . state laws . . . are not preempted by this Act"). Defendant's contention that the exclusive remedy provision is a "procedure" not subject to preemption by the ADA is addressed at section 2) below.

*Corp.*, 464 U.S. 238, 248, 104 S.Ct. 615, 621, 78 L.Ed.2d 443 (1984).[3] The question in the present case is whether the exclusivity provision of the California Workers' Compensation Act conflicts with the ADA or stands as an obstacle to the accomplishment of Congress' objectives in enacting that law.

In light of the broad remedial purpose expressed by Congress and the fact that defendant's urged construction would significantly limit the scope of relief available to plaintiffs under the ADA, the Court finds that giving effect to the exclusive remedy provision in the state statute in a manner which limits the availability of federal remedies would clearly stand as an obstacle to the accomplishment of Congress' stated purpose in enacting the ADA. As described above, Congress expressly noted that the ADA was intended to provide a national mandate for the elimination of discrimination against the disabled, to establish strong and consistent standards addressing such discrimination, and to ensure that the federal government, including Congress with its broad regulatory and enforcement powers, plays a central role in remedying this discrimination. Clearly, these purposes would be undermined by an interpretation of the ADA which would in effect allow each state to supersede the ADA with its own statutes simply by placing an exclusivity provision in those statutes.

■ Further, even if it is assumed, as defendant asserts, that state regulation will guarantee protection at least as extensive as that available under the ADA if the ADA is read to defer only to statutes offering great-er or equal protection, Congress' purpose— to provide a clear, strong *federal* antidiscrimination remedy not subject to political trends or other influences at the state level—would be equally impaired. Upon application of settled principles of preemption, therefore, the Court finds that the exclusive remedy provision of the California Workers' Compensation Act is preempted by the ADA because that provision stands as an obstacle to the accomplishment of Congress' purposes and objectives in passing the ADA.[4]

■ The Court wishes to emphasize that it holds today only that the exclusive remedy provision of the California Workers' Compensation Act is preempted by the ADA. As both parties acknowledge, the two statutes are in many respects substantively compatible. As § 12201(b) of the ADA itself indicates, plaintiffs are free to bring suit under *both* state statutes and the ADA, to the extent that those state laws are consistent with the accomplishment of the federal purposes stated in the federal law. As the *Adams Fruit* Court explained:

> [Exclusive remedy] provisions cannot be viewed as permissible interstitial regulation in the service of, or at least neutral with respect to, the purposes of the federal scheme [citations omitted]. Rather, they directly conflict with the purposes of the federal statute. Accordingly, we find that [the federal statute] preempts state law to the limited extent that it does not permit States to supplant, rather than to supplement, [the federal law's] remedial scheme.

---

**3.** Additionally, where Congress has "evidence[d] an intent to occupy a given field, any state law falling within that field is preempted" *Silkwood*, 464 U.S. at 248, 104 S.Ct. at 621. This form of preemption is not relevant in this case, as neither party argues that the ADA reflects Congressional intent to occupy the field of antidiscrimination law at issue here.

**4.** None of defendant's arguments against preemption generally are relevant to the determination of whether the exclusivity provision in particular must be preempted. For instance, while it may well be true, as defendant claims, that the ADA and the Workers' Compensation Act share, in some general sense, the common goal of protecting the rights of disabled workers, it is clear that the ADA must preempt any specific elements of the state statute which are *in fact* incompatible with the purposes underlying the ADA. Similarly, although denying effect to the exclusivity provision could conceivably affect the policy balance which California has reached in designing its workers' compensation system, the Supremacy Clause indisputably gives Congress the absolute right to pass laws which trump state statutes, regardless of the impact which such preemption might have on a state's policy decisions.

Of course, California has every right to make (and in fact has made) workers' compensation the exclusive *state law* remedy for injuries of this type. Such a policy decision, however, obviously cannot be read to restrict Congress' right to enact and enforce statutes which create a wholly independent federal cause of action, if the Supremacy Clause is to have any meaning at all.

494 U.S. at 648–49, 110 S.Ct. at 1390.

The Court's holding that the Supremacy Clause requires the preemption of the exclusive remedy provision but not of the substantive protections of the California law follows directly from the rationale of *Adams Fruit* and seeks to give effect to Congress' intent in enacting the ADA. Congress intended plaintiffs to have the benefit of both federal and state causes of action to the extent that the two are compatible. Where, as here, they are not wholly compatible, preemption principles as explained in *Adams Fruit* clearly require that those parts (and only those parts) of the state law which hinder the accomplishment of federal objectives be denied effect.[5]

## IV. CONCLUSION

For the reasons explained above, and good cause appearing, defendant's motion for judgment on the pleadings is HEREBY DENIED.

**IT IS SO ORDERED.**

---

5. For this reason, it should be clear that the Court's ruling in no way limits those rulings by California courts holding that the Workers' Compensation Act provides the sole state law remedy for certain types of disabling work-related injuries, as such preemption of one state cause of action by another does not interfere with the accomplishment of Congress' federal objectives in any way.