[No. A062216. First Dist., Div. Four. June 13, 1994.]

FRANK C. STRAUSS, Plaintiff and Appellant, v.
FARMERS INSURANCE EXCHANGE, Defendant and Respondent.

1018

## COUNSEL

Philip D. Minter and Steven C. Duditch for Plaintiff and Appellant.

Crosby, Heafey, Roach & May, Raoul D. Kennedy, Kathy M. Banke, Hector J. Chinchilla and Peter L. Shaw for Defendant and Respondent.

## OPINION

**REARDON, J.**—In this insurance bad faith case, we consider whether an insurer must accept a settlement offer exhausting the policy in exchange for the release of only one of three insureds, leaving the remaining insureds subject to liability for a judgment that may exceed the policy limits. The trial court found no duty to settle under these circumstances, granted summary adjudication for respondent Farmers Insurance Exchange (Farmers) on that issue, and eventually entered a stipulated judgment for Farmers. We affirm the judgment.

### I. FACTS

Appellant Frank C. Strauss (Strauss) suffered serious injuries in an automobile accident involving a truck driven by Kirk Senseney. An employee of New Wave Pool & Spa, Inc. (New Wave), Senseney drove the truck in the course of his employment at the time of the accident. Rodney Fagundes owned New Wave.

Respondent Farmers insured Fagundes under a policy that provided maximum bodily injury coverage of $100,000 per person and $300,000 per occurrence. Senseney and New Wave were also "insured persons" under the policy.[1] In addition, Senseney had a $50,000 personal automobile liability policy through California Casualty. It appears that the extent of Strauss's injuries exceeds the limits of both policies.

---

[1] Fagundes's policy with Farmers contained a permissive user clause purportedly limiting employee coverage to amounts set forth in the California Financial Responsibility Law. (See Ins. Code, § 11580.1; Veh. Code, § 16056 [setting minimum coverage at $15,000 and

Six months after the accident, Strauss offered to settle the claim for the $100,000 limit of the Farmers policy and the $50,000 limit of the California Casualty policy, in exchange for a liability release of Senseney only. (See Code Civ. Proc., § 998.) Farmers rejected the offer because the offer did not release either Fagundes or New Wave from liability. Farmers counteroffered to settle for the policy proceeds in exchange for a release of all three insureds. Strauss rejected this offer and a subsequent offer that would also have added a modest contribution from Fagundes.

Strauss then offered to release all three insureds for $950,000. Farmers rejected this offer. Strauss settled with Senseney for the $50,000 California Casualty policy limit and an assignment of any bad faith claim Senseney might have against Farmers, in exchange for a covenant not to execute on any judgment Strauss might obtain against Senseney. Strauss then sued Senseney, Fagundes and New Wave for his personal injuries, eventually obtaining a $563,476 judgment against Senseney and New Wave.[2] Farmers paid the $100,000 policy limit to Strauss.

Strauss then sued Farmers in the action underlying this appeal, asserting the bad faith claim assigned him by Senseney and a claim for prejudgment interest on the $563,476 judgment. Strauss also included a claim for intentional infliction of emotional distress and a bad faith claim that had been assigned him by New Wave. The trial court granted Farmers' motion for summary adjudication on the first two claims, but denied the motion as to the remaining claims.[3] The parties stipulated to judgment in Farmers' favor. Strauss appeals.

## II. BAD FAITH

 Strauss asserts that Farmers' rejection of his settlement offer constituted bad faith. He argues that because Farmers acted in bad faith, the trial court erred in granting Farmers' motion for summary adjudication on Senseney's bad faith claim. A motion for summary adjudication must be granted if there is no triable issue of material fact. In such a case, the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c).) As a motion for summary adjudication raises only issues of law, we review the judgment anew. (*Usher* v. *American Airlines, Inc.* (1993) 20 Cal.App.4th 1520, 1524 [25 Cal.Rptr.2d 335]; *AARTS Productions, Inc.* v. *Crocker National Bank* (1986) 179 Cal.App.3d 1061, 1064 [225 Cal.Rptr. 203].)

---

$30,000].) However, Farmers eventually extended Senseney coverage of $100,000 and $300,000 under the terms of the policy.

[2]Strauss's children, who were passengers in his car, joined in the underlying negligence action, asserting separate claims on their own behalf.

[3]These remaining claims were dismissed with prejudice before the judgment.

The implied covenant of good faith and fair dealing, inherent in all insurance contracts, obligates an insurer to make a reasonable effort to settle a claim against its insured within policy limits whenever there is a substantial likelihood of a recovery in excess of those limits. (*Comunale* v. *Traders & General Ins. Co.* (1958) 50 Cal.2d 654, 659 [328 P.2d 198, 68 A.L.R.2d 883]; *Walbrook Ins. Co.* v. *Liberty Mutual Ins. Co.* (1992) 5 Cal.App.4th 1445, 1459 [7 Cal.Rptr.2d 513].) An insurer who breaches this duty acts in bad faith and may be held liable for the entire amount of the judgment recovered against its insured, including any portion in excess of the policy limits. (*Comunale* v. *Traders & General Ins. Co.*, *supra*, at p. 660; *Walbrook Ins. Co.* v. *Liberty Mutual Ins. Co.*, *supra*, at pp. 1453-1454.) However, an insurer's duty extends to *all* of its insureds. Therefore, an insurer may, within the boundaries of good faith, reject a settlement offer that does not include a complete release of all of its insureds. (*Heredia* v. *Farmers Ins. Exchange* (1991) 228 Cal.App.3d 1345, 1355 [279 Cal.Rptr. 511]; *Coe* v. *State Farm Mut. Auto. Ins. Co.* (1977) 66 Cal.App.3d 981, 994 [136 Cal.Rptr. 331].)

Two cases illustrate the issue before us. In *Heredia* v. *Farmers Ins. Exchange*, *supra*, 228 Cal.App.3d 1345, the plaintiff was injured in a motorcycle accident. He offered to settle with the insured for the amount of the policy limit in exchange for a covenant not to execute against the insured. Under the terms of the proposed settlement, the insured remained a party in the suit and the insurer was required to provide a continuing defense for the insured. The insurer refused the settlement offer. The appellate court held that the insurer did not act in bad faith because the settlement would have required the insurer to provide a defense after the policy had been exhausted for an insured who would "not be exposed to liability" under the offer. (*Id.*, at p. 1355.)

Similarly, in *Coe* v. *State Farm Mut. Auto. Ins. Co.*, *supra*, 66 Cal.App.3d 981, the court held that an insurer had no duty to accept a settlement offer that would have left its insured subject to a recoupment action by the State Compensation Insurance Fund. The fund's nonparticipation in the settlement meant that the offer exceeded the policy limit. The insurer could not accept such an offer in good faith, and thus, the insurer could not be held to have acted in bad faith by refusing it. (*Id.*, at p. 994.)

In this case, Strauss offered to settle for the limits of the policy proceeds but would release only Senseney from liability. Farmers' acceptance of the offer would have exhausted the policy, thereby releasing it from any further explicit contractual obligation to pay any award against Fagundes or New Wave. However, acceptance of an offer that left two of its insureds bereft of

coverage would have breached Farmers' implied covenant of good faith and fair dealing. (*Coe* v. *State Farm Mut. Auto. Ins. Co., supra,* 66 Cal.App.3d at p. 994; see *Palmer* v. *Financial Indem. Co.* (1963) 215 Cal.App.2d 419, 431 [30 Cal.Rptr. 204] [insurer acts in bad faith by settling at policy limit with only one of two insureds]; see also *Montrose Chemical Corp.* v. *Superior Court* (1993) 6 Cal.4th 287, 295 [24 Cal.Rptr.2d 467, 861 P.2d 1153]; *Hartford Accident & Indemnity Co.* v. *Superior Court* (1994) 23 Cal.App.4th 1774, 1777, 1781-1782 [29 Cal.Rptr.2d 32] [insurer must obtain judicial determination of exhaustion of policy before denying further representation].) As Farmers would have acted in bad faith by accepting the offer, it could not be held in bad faith for refusing it. (See *Heredia* v. *Farmers Ins. Exchange, supra,* 228 Cal.App.3d at p. 1355; *Coe* v. *State Farm Mut. Auto. Ins. Co., supra,* 66 Cal.App.3d at p. 994.)

Strauss makes two related claims on appeal. First, he contends that even if Farmers had accepted the offer, it would still have been obliged to provide a defense in any action brought by Strauss's children. Even assuming that this is true, it has no bearing on Farmers' obligation to provide a continuing defense in Strauss's action. Second, Strauss claims that Farmers' actual motive for rejecting the settlement offer was to delay in order to determine whether the permissive user clause actually applied to Senseney. Even if this were Farmers' motive, that fact is irrelevant because Farmers could not have accepted the settlement without breaching its duty to Fagundes and New Wave.[4]

As a policy matter, we note that Farmers has been placed in a "Catch-22" situation. If we were to agree with Strauss's reasoning, an insurer would be liable for either agreeing to or refusing to settle. This dilemma would discourage settlements and defy the reasonable expectations of the insureds. (See *Montrose Chemical Corp.* v. *Superior Court, supra,* 6 Cal.4th at p. 295 [insured's desire for defense is significant motive for purchasing insurance].) Thus, we find that the trial court properly granted summary adjudication for Farmers on the Senseney bad faith cause of action.

## III. PREJUDGMENT INTEREST

■ Strauss also asserts that the supplementary payments clause of the policy is ambiguous and must be construed against Farmers to provide Strauss with prejudgment interest on the $563,476 judgment he won against Senseney and New Wave. We disagree. Only when ordinary rules of contract interpretation fail must a policy be interpreted in favor of the insured.

---

[4]For the same reason, we need not consider Strauss's claim that the trial court improperly excluded certain evidence pertaining to the permissive user clause.

(*Bank of the West* v. *Superior Court* (1992) 2 Cal.4th 1254, 1264-1265 [10 Cal.Rptr.2d 538, 833 P.2d 545].) Fagundes's policy provides: "In addition to our limit of liability, we will pay . . . [¶] 2. Interest after entry of judgment on any amount that does not exceed our limit of liability." This language is unambiguous and excludes payment of prejudgment interest. Thus, the trial court properly granted summary adjudication for Farmers on this cause of action as well.

## IV. CONCLUSION

The judgment is affirmed.

Anderson, P. J., and Poché, J., concurred.

Appellant's petition for review by the Supreme Court was denied September 22, 1994.