**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DOUGLAS HARP, a California resident, and LEADING EDGE TRUCKING, INC., a California corporation, | No. 13-55282 |
| Plaintiffs - Appellants, | D.C. No. 5:12-cv-00760-ODW-DTB |
| v. | |
| CONVERIUM INSURANCE (NORTH AMERICA), INC., Erroneously Sued As Converium Insurance, Inc., DBA Allied World Reinsurance Company, DBA Finial Insurance Company, | MEMORANDUM* |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Submitted February 11, 2015**
Pasadena, California

Before: CALLAHAN, WATFORD, and OWENS, Circuit Judges.

---

&ast; This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

&ast;&ast; The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

**1.** Under California law, the implied covenant of good faith and fair dealing requires insurers to accept reasonable settlement offers within policy limits. *Comunale v. Traders & Gen. Ins. Co.*, 328 P.2d 198, 201 (Cal. 1958). However, no breach occurs if an insurer refuses to accept a settlement that does not release all of its insureds, since an insurer owes a duty to each insured and "cannot favor the interests of one insured over the other." *Lehto v. Allstate Ins. Co.*, 36 Cal. Rptr. 2d 814, 821–22 (Ct. App. 1995); *accord Strauss v. Farmers Ins. Exch.*, 31 Cal. Rptr. 2d 811, 814 (Ct. App. 1994); *see also Lewis v. Telephone Emps. Credit Union*, 87 F.3d 1537, 1545 (9th Cir. 1996) (mandating that federal courts follow state intermediate appellate court decisions where no decision from the state's highest court is on point and there is "no convincing evidence" that the highest court would decide differently). Because Douglas Harp's policy-limit demand expressly excluded Mesa Contracting, Converium was obligated to accept the settlement only if Mesa was not an insured party; if Mesa was an insured party under the policy, then Converium properly refused the offer.

When the settlement offer was made, Converium properly considered Mesa to be an insured party. An "insured" includes "both the named insured(s) and anyone else included in the policy's definition of 'insured.'" *Am. States Ins. Co. v.*

*Progressive Cas. Ins. Co.*, 102 Cal. Rptr. 3d 591, 597 (Ct. App. 2009) (internal quotation marks omitted). Mesa was included in the policy's definition of an insured: George Armitage was an "insured," insureds also included "[a]nyone liable for the conduct of an 'insured,'" and Harp's underlying suit contended that Mesa was vicariously liable for Armitage's conduct. Under identical policy language, *id.* at 599, 602, at least one California court has held that parties who are potentially vicariously liable count as insured parties. *Id.* at 602. Thus, Converium properly viewed Mesa as an insured party and could not have accepted Harp's policy-limits settlement offer excluding Mesa without breaching the implied covenant of good faith and fair dealing.

    **2.** That the jury later exonerated Mesa does not mean that Converium could have ignored Mesa when the settlement offer was made. At that point, of course, Converium did not know the jury would ultimately find that Mesa was not vicariously liable. An insurer "must defend its insured whenever it ascertains facts that give rise to the *potential* of liability under the policy." *Id.* at 597. When the settlement offer was made, it was possible that the jury would find Mesa vicariously liable, as Harp had alleged in his complaint, and Converium therefore properly considered Mesa an insured party.

**3.** That Mesa had not tendered a defense to Converium when the settlement offer was made is immaterial. Because the policy language created a possibility of liability, as discussed above, Converium had a duty to defend Mesa.

Harp and Leading Edge argue that Mesa's late tender of its defense, after the settlement offer had expired, was prejudicial, such that Converium could have settled without Mesa and later defended its decision by pointing to Mesa's late tender. That argument is without merit. The two cases Harp and Leading Edge cite for support, *Select Insurance Co. v. Superior Court*, 276 Cal. Rptr. 598 (Ct. App. 1990), and *Earle v. State Farm Fire & Casualty Co.*, 935 F. Supp. 1076 (N.D. Cal. 1996), are distinguishable. Those cases concerned prejudice to insurers not because of late tender but because of late notice; the insureds failed to provide notice altogether of the underlying actions for which the insurers were alleged to have a duty to defend until after initial judgments had been rendered. *Select Ins. Co.*, 276 Cal. Rptr. at 600 (notice after summary judgment); *Earle*, 935 F. Supp. at 1078 (notice after jury verdicts). Converium, which had been involved in Leading Edge's defense from early on in the litigation, suffered no analogous prejudice.

**AFFIRMED.**