NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 16 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MATTHEW GRAYSON and GABRIEL L. PEPER, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> ALLSTATE INSURANCE COMPANY, <br><br> Defendant - Appellee. | No. 14-55959 <br><br> D.C. No. 2:13-cv-05324-BRO-JCG <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California,
Beverly Reid O'Connell, District Judge, Presiding

Argued and Submitted May 2, 2016
Pasadena, California

Before: FLETCHER and GOULD, Circuit Judges, and LEMELLE, Senior District Judge.[**]

Matthew Grayson and Gabriel L. Peper appeal the district court's grant of summary judgment in favor of the defendant, Allstate Insurance Company ("Allstate"). The lower court ruled in favor of Allstate because it found that Allstate

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.
[**] The Honorable Ivan L.R. Lemelle, Senior District Judge for the U.S. District Court for the Eastern District of Louisiana, sitting by designation.

1

did not breach the implied covenant of good faith and fair dealing. This case arises out of an automobile accident in which Peper's vehicle struck Grayson's motorcycle, causing Grayson severe injuries. Peper's insurer, Allstate, recognized soon after the accident that Peper was likely at fault and that Grayson's claims would exceed Peper's $15,000 policy limit. Grayson's attorney then sent Allstate a letter offering to settle Grayson's bodily injury claim for the policy limit. After conferring with Peper, Allstate's claim representative, Donna Czupryn, sent a letter to Grayson's attorney stating that she was "authorized to accept" Grayson's policy limit demand. Additionally, because Grayson's offer did not include a release of Peper, Czupryn included Allstate's standard release form with the letter. The letter stated that Allstate would promptly send the settlement check upon execution of the release. However, the standard release form included terms not contained in the original offer, meaning Czupryn's communication qualified as a rejection and counteroffer rather than an acceptance. *Diamond Fruit Growers, Inc. v. Krack Corp.*, 794 F.2d 1440, 1443 (9th Cir. 1986) ("At common law, an acceptance that varies the terms of the offer is a counteroffer and operates as a rejection of the original offer.").

After receiving Czupryn's letter, Grayson's counsel answered by identifying her letter as a counteroffer and explicitly rejecting it. Allstate responded within one day of receiving Grayson's rejection by having outside counsel prepare a revised release form. Allstate's counsel sent the revised release to Grayson's attorney with

a letter explaining that he should contact him if he found anything else objectionable, because it was Allstate's "intent simply to accept [the] settlement demand." Without explanation, Grayson rejected Allstate's follow-up offer as well. His counsel's rejection letter simply stated that Allstate should advise its insured of the need to retain an independent lawyer "experienced in tort law and the Covenant of Good Faith and Fair Dealing." Despite Allstate's continued attempts to settle Grayson's claim for Peper's policy limits, Grayson proceeded to trial in state court where he obtained a substantial judgment against Peper.

Thereafter, Peper and Grayson entered into an agreement pursuant to which Peper assigned all of his assignable rights against Allstate to Grayson. In return, Grayson covenanted not to enforce the judgment against Peper. Peper and Grayson then filed suit against Allstate. On cross-motions, the district court granted summary judgment in favor of Allstate, finding: (1) Grayson's settlement offer was unreasonable because it did not include a release, meaning Allstate had no duty to accept it; and (2) that even if the settlement offer was reasonable, Allstate did not breach the implied covenant of good faith and fair dealing because it did not unwarrantedly or unreasonably refuse to settle. ER 12-18.

This Court reviews *de novo* a district court's grant of a motion for summary judgment. *Bergt v. Ret. Plan for Pilots Employed by MarkAir, Inc.*, 293 F.3d 1139, 1142 (9th Cir. 2002) (citing *Lang v. Long-Term Disability Plan of Sponsor Applied*

3

*Remote Tech.*, 125 F.3d 794, 797 (9th Cir. 1997)). It is well-established under California insurance law that, "[w]hen there is great risk of a recovery beyond the policy limits so that the most reasonable manner of disposing of the claim is a settlement which can be made within those limits, a consideration in good faith of the insured's interest requires the insurer to settle the claim." *Gibbs v. State Farm Mut. Ins. Co.*, 544 F.2d 423, 426-27 (9th Cir. 1976) (quoting *Comunale v. Traders & Gen. Ins. Co.*, 328 P.2d 198, 201 (Cal. 1958)). An insurer's "unwarranted refusal to do so constitutes a breach of the implied covenant of good faith and fair dealing." *Id*. at 427 (quoting *Comunale*, 328 P.2d at 201). "However, the insurer must be given a reasonable opportunity to settle within the policy limits and any offer must be capable of acceptance on the part of the insurer." *Wallace v. Allstate Ins. Co.*, No. 97-3806, 1999 WL 51822, at *2 (N.D. Cal. Jan. 29, 1999), *aff'd* 221 F.3d 1350 (9th Cir. 2000) (affirming on the ground that refusal to accept a policy limit settlement offer that does not contain a release is within the boundaries of good faith).

Here, Allstate did not refuse to settle, much less unreasonably or unwarrantedly refuse. In fact, Allstate attempted repeatedly to settle the claim. Allstate's initial attempt failed because Allstate included an overly broad release form with its acceptance letter. Including the proposed release with the acceptance letter did not constitute bad faith or a breach of the covenant of good faith and fair dealing because, had Allstate failed to attach a release, it may have breached its duty

4

to its insured. *Strauss v. Farmers Ins. Exch.*, 31 Cal. Rptr. 2d 811, 814 (Cal. Ct. App. 1994) (stating that "an insurer may, within the boundaries of good faith, reject a settlement offer that does not include a complete release of all of its insureds."); *Lehto v. Allstate Ins. Co.*, 36 Cal. Rptr. 2d 814, 821 (Cal. Ct. App. 1994) ("[A]n insurer can breach its duty to its insureds by disbursing the policy proceeds to the insureds' claimant without first obtaining a release of the insureds."). Moreover, Allstate promptly revised its release form and repeatedly offered its policy limits to Grayson on terms consistent with his original offer. Grayson rebuffed these settlement attempts without explanation, providing Allstate with no reasonable opportunity to settle the claim. Without such an opportunity, there can be no breach of the covenant. *See Wallace*, 1999 WL 51822, at *2. Accordingly, the district court did not err by granting summary judgment in Allstate's favor because Allstate acted reasonably under the circumstances and in good faith.

**AFFIRMED**.